WILLIAM M. BATES, administrator, *vs.* CHARLES C. BARRY & others.

Suffolk. March 14. — July 19, 1878. COLT & LORD, JJ., absent.

This clause in a will, " I order that $500 per year for ten years be paid over to " A. in equal quarterly payments, gives A. an annuity contingent on his living so long, and not a legacy of $5000, payable in instalments.

CONTRACT by the administrator of Ann G. Bates, against the trustees under the will of Charles W. Cartwright, to recover the balance of a legacy given to Bates by the will. The case was submitted to the Superior Court, and, after judgment for the plaintiff for $38.76, to this court, on appeal, on an agreed statement of facts in substance as follows :

Charles W. Cartwright died on August 12, 1873, leaving a will by which he gave to the defendants all of his estate in trust, to be disposed of as therein directed. The will contained, besides several legacies and annuities, the following : " I order that $500 per year for ten years be paid over to my niece Ann G. Bates," in equal quarterly payments. By another clause in the will he provided as follows : " I give to each of my sisters, Sarah C. Hussey and Mary C. Ewer, $500 per annum during their respective lives ; and in the event that my income should fall short of paying the annuities herein granted, I request that all except the two to my two sisters may be reduced *pro rata* according to the amounts given."

Ann G. Bates died on November 28, 1876, and the plaintiff was duly appointed her administrator. The payments made to her in her lifetime, up to and including that of October 3, 1876, were reduced *pro rata* according to the income of the estate, which has fallen considerably short of an amount sufficient to pay all the annuitants in full, and the reduction so made

amounted to the sum of $337.50, and the sums paid to her since the decease of Cartwright amounted to $1230.56. The payments made to her during her lifetime were made quarterly as nearly as practicable, on the first days of January, April, July and October. No payment has been made since that of October, 1876.

If, on these facts, the plaintiff was entitled to recover any sum, judgment was to be entered for him accordingly; otherwise, judgment for the defendants.

*A. Russ,* for the defendants.

*L. Marrett,* for the plaintiff, contended that the gift was of $5000, and cited *Shattuck* v. *Stedman,* 2 Pick. 468; *Furness* v. *Fox,* 1 Cush. 134; *Eldridge* v. *Eldridge,* 9 Cush. 516.

SOULE, J. The clause in the will, "I order that $500 per year for ten years be paid over to my niece, Ann G. Bates," gave her an annuity, and not a legacy of $5000, payable in installments. *Brimblecom* v. *Haven,* 12 Cush. 511. *Stephens* v. *Milnor,* 9 C. E. Green, 358. It was, therefore, by the terms of the will, payable quarterly, and subject to abatement if the income proved insufficient to pay all the annuities in full. The plaintiff consequently has made no case for recovery of any arrearages of the annuity payable on or before October 1, 1876.

As there are no words of inheritance or succession in the bequest, it must be construed as *giving* an annuity for ten years, if the annuitant should survive the testator so long; and if she should not, for her life only. *Blewitt* v. *Roberts,* Cr. & Ph. 274. *Yates* v. *Maddan,* 3 Macn. & Gord. 532. *Savery* v. *Dyer,* Ambl. 139. The annuity, being payable from the income of the estate, is within the provisions of the Gen. Sts. *c.* 97, § 24, and the plaintiff is entitled to recover a proportional part, for the time between the 1st day of October, 1876, and the 28th day of November of the same year, both inclusive. As the income appears to have been so reduced that the annuity was cut down one half, the apportionment is to be made on the quarterly sum of $62.50. The judgment of the Superior Court was evidently made up in accordance with the rules of law applicable to the case, and **must be**                                            *Affirmed.*