FRANCIS C. STANWOOD & another, trustees, *vs.* MARGARETTE STANWOOD & others.

Suffolk.   March 11, 1901. — May 31, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Devise,* Construction.   *Trust,* Resulting, Powers of trustee.

A devise to the testator's children gives a vested interest unless the will shows a contrary intention.

When by a will real property is given to several persons by name to be shared equally among them, they take as tenants in common and not as joint tenants or as a class, and if one of them dies before the testator his share lapses and does not go to the survivors, unless they are the heirs at law of the testator.

A testator devised all his real estate to a trustee, for the equal benefit of his five children named, who were to receive the net income equally during a certain period, at the termination of which, the trustee was to divide the property held by him under the trust equally among the testator's "said children and their respective heirs and assigns." One of the children died before the testator, and another of them died after the testator but before the time of distribution. *Held,* that the gift was not to the children as a class with right of survivorship, but that the children took a vested interest as tenants in common. Consequently, that the share of the child who died after the testator went to the executor of that child, and that the share of the child who died before the testator lapsed, and was held by the trustee upon a resulting trust for the benefit of the testator's heirs at law.

A testatrix having one son and four daughters devised all her real estate to her son, in trust, to hold, manage and improve the same for twenty years, to distribute the net income equally among all her children, and at the termination of the twenty years to divide the property equally among her children. The will also contained this clause: "And I hereby further authorize and empower my said trustee at any time before the said period of distribution, if he deems it for the best interest of all concerned so to do, to divide the trust property of whatsoever consisting, or the same or any portion thereof to sell at public or private sale and the proceeds to divide equally among my said children and their respec-

tive heirs and assigns, and to terminate this trust." The will, after naming the son as devisee of the residue of the estate in trust, did not mention him again by name as trustee, but gave the powers thereunder to "my trustee," "my said trustee," "such trustee" or "the trustee under the trust." The will contained numerous other powers attached to the trust and not personal to the trustee named in the will. The son died nearly ten years before the testatrix, who died without making any change in her will. Trustees under the will, appointed by the Probate Court, asked for instructions as to their power to divide the property before the expiration of the twenty years, alleging that they deemed it for the best interest of all concerned to make the division, the children being all of age and all but one desiring it. *Held*, that the trustees had the power to make immediate distribution of the property, having, under Pub. Sts. c. 141, § 6, the same powers, rights and duties as if they had been originally appointed. The cases holding, that a power given to the executor of a will cannot be exercised by an administrator *de bonis non* with the will annexed, have no application to this case.

BILL FOR INSTRUCTIONS by Francis C. Stanwood and Francis C. Welch, trustees under the will of Caroline L. Stanwood, late of Boston, filed May 23, 1900.

The case came on to be heard before *Morton*, J., who, at the request of the parties, reserved it on the bill and answers for the consideration of the full court, such disposition to be made thereof as to that court should seem meet.

The will was dated February 17, 1883. Lemuel Stanwood, son of the testatrix, named therein as sole executor and sole trustee, died February 20, 1888. The testatrix died February 5, 1898. The material provisions of the will and all other material facts are stated in the opinion of the court.

*E. W. Hutchins & A. S. Wheeler*, for Margarette and Francis C. Stanwood.

*J. D. Bryant*, for Mary L. Dorr.

*A. H. Latham*, for Samuel Henshaw.

LATHROP, J. Caroline L. Stanwood, by her will executed in 1883, devised all her real estate to her son Lemuel, in trust to hold, manage and improve the same, and the income thereof to collect and receive for the term of twenty years, unless the trust should be sooner terminated according to the provisions of the will, and from the net rents and profits to pay in semi-annual instalments, but without power of anticipation, to each of her two unmarried daughters, Margarette and Annie M., the sum of $600 per annum during said term, or during such portion thereof as they or either of them should remain unmarried, and to divide

the remainder of the net income equally between her other children, Mary L. Dorr, Francis C. Stanwood and Lemuel Stanwood, " (and either or both my said daughters Margarette and Annie as may have married before such period of distribution) until each of my said children shall receive the sum of six hundred dollars per annum, and thereupon the remainder of said net income, if any, to divide equally among all my said children. And at the termination of said twenty years to divide ·the property, real or personal, held by the trustee under the trust hereby created, equally among my said children and their respective heirs and assigns."

The will also contains this clause: " And I hereby further authorize and empower my said trustee at any time before the said period of distribution, if he deems it for the best interest of all concerned so to do, to divide the trust property of whatsoever consisting, or the same or any portion thereof to sell at public or private sale and the proceeds to divide equally among my said children and their respective heirs and assigns, and to terminate this trust." There are other provisions of the will which will be referred to later.

Lemuel Stanwood died February 20, 1888, leaving surviving him no widow, and as his only heir at law and next of kin his mother, Caroline L. Stanwood, to whom, by will, he devised and bequeathed all the residue of his estate.

Caroline L. Stanwood died February 5, 1898, leaving surviving her no husband, and as her only heirs at law and next of kin her children, Margarette Stanwood, Annie M. Henshaw, Mary L. Dorr and Francis C. Stanwood.

Annie M. Henshaw died March 12, 1900, leaving surviving her her husband, Samuel Henshaw, and as her only heirs at law and next of kin her brother and sisters. She left a will, by which she gave all her estate, real and personal, to her husband; and he has been appointed executor of her will.

The petitioners were appointed trustees in place of Lemuel Stanwood, on June 2, 1898.

The income of the estate has been more than sufficient to pay the annuity of $600 to each one of the children of the testatrix.

The petitioners allege that they deem it for the best interest of all concerned to exercise the power given to the trustee under

the will, and to divide the trust property among those persons entitled thereto, if they have the power to do so.

The questions asked by the trustees are these:

1. What person or persons are entitled to the income of the trust estate now in the petitioners' hands, and in what proportions?

2. Whether any part of the principal of the trust fund is now distributable; and if so, to what persons, and in what proportions?

3. Whether the petitioners have the power to divide the trust property and to determine the trust; and if so, what person or persons are entitled thereto?

1. There can be no question that one fourth of the income which had accrued prior to the death of Mrs. Henshaw is to be paid to her husband as executor of her will.

As to the income which accrued after the death of Mrs. Henshaw, we are of opinion that the gift was not to the children as a class with right of survivorship, but that the children took a vested interest as tenants in common. It is a general rule of construction that a devise to the testator's children gives a vested interest, unless the will shows a contrary intention. *Gibbens* v. *Gibbens*, 140 Mass. 102. We find nothing in the will before us to show any intent to the contrary. In *Frost* v. *Courtis*, 167 Mass. 251, the general rule is said to be, "that, when real property is given, as it was here, to several persons by name to be equally divided amongst them, they take as tenants in common, and not as joint tenants or as a class." See also *Horton* v. *Earle*, 162 Mass. 448; *Bancroft* v. *Fitch*, 164 Mass. 401; *Shattuck* v. *Wall*, 174 Mass. 167; *Lyman* v. *Coolidge*, 176 Mass. 7.

The same rule applies to a bequest of income or of an annuity. *Jones* v. *Randall*, 1 Jac. & W. 100. *Eales* v. *Cardigan*, 9 Sim. 384. *Bryan* v. *Twigg*, L. R. 3 Ch. 183.

It follows that Mr. Henshaw is entitled under his wife's will to one fourth of the income which has accrued since the death of his wife.

2. On the death of Lemuel during the lifetime of the testatrix, the devise to him lapsed, and did not go to the brother and sisters as members of a class. They took the same by descent as heirs of the testatrix. The purpose of the trust as to Lemuel

having failed, the new trustees hold the share of the estate which would have been his had he survived his mother upon a resulting trust for the benefit of the heirs at law. *Easterbrooks* v. *Tillinghast*, 5 Gray, 17. *Packard* v. *Marshall*, 138 Mass. 301.

3. The last question is whether the trustees have now the power to terminate the trust, and divide the property, and among whom?

There is no doubt that the will gave to the original trustee ample power to divide the property before the expiration of twenty years if he deemed it for the best interests of all concerned. The present trustees state that they deem it for the best interests of all concerned to make the division. The children are all of age, and all desire this to be done, except Mrs. Dorr. Mrs. Stanwood died nearly ten years after her son Lemuel, whom she had named as trustee under her will. So far as appears, she allowed her will to stand, without making any change in it. She must be presumed to have known that another trustee would have to be appointed, but the powers given remained the same. Without laying stress upon these facts, we find nothing in the will to show that the testatrix intended that the power to divide the estate rested in the personal discretion of the person named by her as trustee. An examination of the will shows that after naming Lemuel Stanwood as the devisee of the rest and residue of the estate in trust, he is not mentioned again by name as trustee, but the power is given to " my trustee," " my said trustee," " such trustee," or " the trustee under the trust." The will contains numerous powers, which are attached to the trust and are not personal to the trustee named in the will. A new trustee by our law has the same powers, rights and duties, as if he had been originally appointed. Pub. Sts. c. 141, § 6. *Nugent* v. *Cloon*, 117 Mass. 219. *Bradford* v. *Monks*, 132 Mass. 405. *Wemyss* v. *White*, 159 Mass. 484, 486.

The cases of *Tainter* v. *Clark*, 13 Met. 220, and *Greenough* v. *Welles*, 10 Cush. 571, simply decide that a power given to the executor of a will cannot be exercised by an administrator *de bonis non*. They have no application to the case before us.

It follows that the trustees have the power to divide the property; and that the persons entitled thereto are Margarette Stanwood, Mary L. Dorr, Francis C. Stanwood and Samuel Henshaw, to each one fourth.          *Decree accordingly.*