CHARLOTTE ELIZABETH HARRISON & another, trustees, *vs.* HAROLD H. MARDEN & others.

Middlesex.    December 7, 1936. — September 16, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Devise and Legacy*, Annuity, Estate for the life of another.

An annuity to a testator's granddaughter "for and during the term of the life" of the testator's widow vested in the granddaughter and at her death before that of the widow became payable to the personal representative of the granddaughter during the rest of the widow's life.

PETITION for instructions, filed in the Probate Court for the county of Middlesex on March 29, 1935.

The case was heard by *Beane*, J., and a decree was entered that the annuity described in the opinion did not terminate upon the death of M. Adena Marden, and that thereafter it was payable, during the life of the respondent Charlotte Elizabeth Harrison, to the executor of the will of said M. Adena Marden. The respondent Charlotte Elizabeth Harrison appealed.

*A. Thomas*, stated the case.

*J. B. Sullivan, Jr.*, for the respondent Charlotte Elizabeth Harrison.

*H. D. Hunt*, for Old Colony Trust Company, guardian.

*G. Newhall*, (*E. A. MacMaster* with him,) for the respondent Harold H. Marden, executor.

RUGG, C.J. The trustees under the will of John Q. A. Whittemore .brought this petition for instructions as to their duty under clause (2) of subdivision (b) of article II of said will. The trial judge by consent of all parties made a finding of material facts. The testator died in 1919 leaving a widow (still living and now Charlotte Elizabeth Harrison), two daughters, a son, and two grandchildren, Ralph W. White and M. Adena Marden, children of a deceased daughter. M. Adena Marden died in 1934, leaving a husband who is executor of her will, and two minor daughters. The testator by his will established a trust composed of the residue of his estate whereby he gave certain annuities to his children and others and the balance of the income to his widow for life. Upon her death the principal was to be divided among his issue in specified shares. The clause of the will which gave rise to the present controversy was in these words: "I direct my said trustees to pay from said net income the sum of twenty-five hundred dollars ($2500) in each year to each of my grandchildren Ralph W. and M. Adena, children of my deceased daughter Edith M. White for and during the term of the life of my said wife Charlotte Elizabeth Whittemore." The question for decision is the proper disposition of the $2,500 which was payable each year to M. Adena Marden, she having died during the life of the widow.

The cardinal rule for the construction of wills is to ascertain the intent of the testator from the whole instrument, attributing due weight to all its words, and then to give effect to that intent unless prevented by some positive rule of law, rather than to try to make the interpretation of particular words or phrases in one will conform to that given to somewhat similar words used by another testator under other surroundings to accomplish a more or less different end. *Ware* v. *Minot*, 202 Mass. 512, 516.

It is a rule of construction of wills that a devise or bequest to the testator's children or other issue is held to be vested unless there is in the will something to show the contrary. That is presumed to be the testamentary intent. *Stanwood* v. *Stanwood*, 179 Mass. 223, 226. *Southard* v. *Southard*, 210 Mass. 347, 355.

The language of the will here in question was clear to the effect that the annuity given to the granddaughter, M. Adena Marden, was to continue, not during her own life, but during the life of the widow of the testator. The words of limitation are explicit that the termination of the payment of the income shall be at the death of the widow and not at the death of the annuitant. As a consequence of the rules of testamentary construction already stated, the principle has been developed that, where an annuity or payment of income to a child or other issue of the testator is not limited in terms to the life of the beneficiary but is limited to some other lawful period of time, and before the expiration of that period the beneficiary dies, his personal representative is entitled to the income for the remainder of the period. That principle was adumbrated in *Bowker* v. *Bowker*, 9 Cush. 519. In that case a testator gave property to one son "by his paying . . . one hundred dollars a year for seven years" to another son. The latter son died before the expiration of the seven years. It was held that the testator's bounty to this latter son vested immediately, only the time of payment being postponed, and that the administratrix of his estate was entitled to recover an annual payment as it fell due after his death. The principle was given pointed application in *Shattuck* v. *Wall*, 174 Mass. 167, where

the testamentary gift was held to be vested in the beneficiary and to be payable after her death until the termination of the trust to her administrator. That principle has been followed in other recent cases. *Stanwood* v. *Stanwood,* 179 Mass. 223. *Thompson* v. *Martin,* 281 Mass. 41, 46. *Flye* v. *Jones,* 283 Mass. 136, 140. See *Meserve* v. *Haak,* 191 Mass. 220. There is nothing in other parts of the will which discloses an intent that this principle should not be applicable to the facts here disclosed.

The English law is in conformity to this principle. *Savery* v. *Dyer,* 1 Ambl. 139. *Eales* v. *Earl of Cardigan,* 9 Sim. 384. *In re Ord,* 12 Ch. D. 22. *Bryan* v. *Twigg,* L. R. 3 Ch. 183. *In re Drayton,* 56 Sol. J. 253. *In re Cannon,* [1915] W. N. 344. Decisions in other jurisdictions are to the same effect. *In re Follett,* 23 R. I. 409. *Morris* v. *Bolles,* 65 Conn. 45. *Merrill* v. *Bickford,* 65 Maine, 118. *In re Shuford,* 164 N. C. 133. *Montanye* v. *Montanye,* 29 App. Div. (N. Y.) 377. See *Ossman* v. *Von Roemer,* 221 N. Y. 381, 386.

·The decisions in *Bates* v. *Barry,* 125 Mass. 83, and *Weston* v. *Weston,* 125 Mass. 268, are strongly relied on as requiring the conclusion that the right to the payment of the annuity did not continue after the death of M. Adena Marden. See, also, *Weston* v. *Jenkins,* 128 Mass. 562, 567. Those decisions have an appearance contrary to the result here reached. They have not escaped criticism. Vol. I, Mass. L. Quar. Feb. 1916, page 41. Those decisions are irreconcilable with what was declared in *Shattuck* v. *Wall,* 174 Mass. 167, *Stanwood* v. *Stanwood,* 179 Mass. 223, *Thompson* v. *Martin,* 281 Mass. 41, 46, and *Flye* v. *Jones,* 283 Mass. 136, 140. Without indulging in further discussion, the cases of *Bates* v. *Barry,* 125 Mass. 83, and *Weston* v. *Weston,* 125 Mass. 268, must be regarded as no longer stating the law of this Commonwealth so far as inconsistent with the conclusion here reached.

An elaborate argument has been made to the effect that other parts of the will of the testator disclose a purpose that the annuity should cease at the death of M. Adena Marden. It would serve no useful end to pursue the details of this presentation. We are satisfied that there is nothing in other

parts of the will at variance with the interpretation given in this opinion to the clause in controversy.

It is plain that the children of M. Adena Marden are not entitled in their own right to receive the income which would have been paid to their mother if she had been living. Such a construction would be contrary to the intent manifested by the express inclusion of a provision for issue in the gift of income to each of the testator's three children. *Springfield Safe Deposit & Trust Co.* v. *Dunn,* 243 Mass. 7.

The decree was right and is affirmed. Costs as between solicitor and client payable out of the estate are to be in the discretion of the Probate Court.

*Ordered accordingly.*