**AETNA LIFE INS. CO. v. BARTLETT et al.**

No. 2314.

District Court, D. Massachusetts.

Feb. 7, 1944.

F. H. Nash and Bailey Aldrich, both of Boston, Mass., for plaintiffs.

George A. McLaughlin, of Boston, Mass., for defendant Fred E. Bartlett.

Colbert & Cotter, of Boston, Mass., for defendant Charles F. Robinson.

Norman F. Fermoyle, of Boston, Mass., for defendant Chas. E. Robinson.

FORD, District Judge.

This is a bill of interpleader filed by the complainant, Aetna Life Insurance Company, (hereinafter called the Company), in accordance with the provisions of United States Code, Title 28, Section

41, subd. (26), 28 U.S.C.A. § 41 (26), to determine the proper disposition of the proceeds of a life insurance policy issued by the complainant under date of July 22, 1924 on the life of Dr. Walter O. Bartlett.

The facts are as follows:

The policy issued by the Company was in the face amount of $25,000 and provided for payment outright to Sarah T. Bartlett, mother of Dr. Walter O. Bartlett, upon the latter's death. The doctor died on November 5, 1941 and left surviving him his mother, Sarah T. Bartlett, his brother, Fred E. Bartlett, and his sister, Maud B. Robinson. Sarah T. Bartlett died on July 5, 1942 and Maud B. Robinson died on September 18, 1942. The present claimants, named as respondents in the interpleader suit, are Fred E. Bartlett, individually and as co-administrator of the estate of Sarah T. Bartlett, and Charles F. Robinson as co-administrator of the estate of Sarah T. Bartlett and as executor of the estate of Maud B. Robinson. When the insured, Dr. Walter O. Bartlett, died November 5, 1941, the policy insuring his life for $25,000 and naming his mother, Sarah T. Bartlett, as outright beneficiary was in full force and effect. Due proof of the insured's death was furnished to the complainant on November 26, 1941 in a standard notarized form signed by Sarah T. Bartlett. In that form appeared the following question: "11. If no election has been made during the lifetime of the deceased, do you elect one of the optional modes of settlement? If so, which mode of settlement?" The question was answered in the space provided as follows: "$250. monthly until exhausted Fred E. Bartlett, son, and Maud B. Robinson, daughter, equally or survivor." The words "$250. monthly until exhausted" are written out in longhand on one line, whereas the words "Fred E. Bartlett, son, and Maud B. Robinson, daughter, equally or survivor" are typewritten below. A few days more than a month after this election of an optional mode of settlement by the beneficiary, Sarah T. Bartlett, and in consideration of the surrender and cancellation of the original policy written on the life of Dr. Walter Bartlett by the Company, the latter executed a "Supplementary Contract," the material parts of which are in the margin.[1] This instrument was dated January 5, 1942. The parties have stipulated that this Supplementary Contract constituted in fact and in law a novation of the original contract of insurance.

Sarah T. Bartlett died on July 5, 1942 and left surviving, her children, Fred E. Bartlett and Maud B. Robinson. On September 18, 1942, Maud B. Robinson died. Claims to the proceeds of the policy were submitted to the Company by the estate of Sarah T. Bartlett, by Fred E. Bartlett, individually, and by the estate of Maud B. Robinson. Before paying the sum of $25,927.07 into court, the Company had made no disposition of the proceeds either to Sarah T. Bartlett before her death or to any of the claimants in compliance with an injunction which had issued from the Probate Court for Suffolk County, Massachusetts. That injunction arose out of the litigation involving the will of Dr. Walter O. Bartlett. It has since been dissolved and neither it nor the will are material here.

---

[1] Aetna Life Insurance Company hereby agrees to retain Twenty-Five Thousand Two Hundred Sixty-Nine Dollars ($25,269.), from the Fifth day of November, Nineteen Hundred and Forty-one, and Further Agrees to pay from such fund monthly instalments of Two Hundred Fifty Dollars ($250.) each, beginning the Fifth day of November, Nineteen Hundred and Forty-one to Sarah Bartlett, mother of Walter O. Bartlett until the fund with interest at the rate of three and one-half per cent. per annum and such excess interest or interest dividends as may be declared by the Company is exhausted, the final instalment in any event to be for only the balance of the fund.

Upon receipt by the Company at its Home Office of due proof of the death of the beneficiary, any balance of the fund shall be payable to the contingent beneficiaries, Fred E. Bartlett and Maud B. Robinson, children of the beneficiary, equally, or to the survivor; if neither survives the beneficiary, to the executors or administrators of the beneficiary.

The beneficiary may withdraw a part or all of the principal sum upon furnishing the Company at its Home Office with written request accompanied by this contract for endorsement, provided that the balance of the principal sum, if less than Five Hundred Dollars, may at the option of the Company be paid to the beneficiary.

\*　　\*　　\*　　\*　　\*　　\*

This Supplementary Contract is issued in consideration of the surrender and cancellation of Policy No. N–435935 written by the Company on the life of said Walter O. Bartlett.

Since the parties have stipulated what is obvious, i.e., that the written Supplementary Contract was the final agreement between the Company and Sarah T. Bartlett, the mother and beneficiary, with respect to a distribution of the proceeds of the policy, and constituted a novation of the original contract of insurance, disposition of the proceeds must be governed by the terms of that Supplementary Contract. There is no incorporation by reference in the Supplementary Contract of any other document. The original policy and the proof of death are relevant only in so far as they may resolve any ambiguities latent in the terms of the Supplementary Contract. Cf. Rezendes v. Prudential Ins. Co., 285 Mass. 505, 511, 189 N.E. 826.

There is no dispute that under the terms of the Supplementary Contract Sarah T. Bartlett was entitled to payment of $250 monthly beginning November 5, 1941 until her death or until the fund was exhausted, whichever occurred first. Sarah T. Bartlett died July 5, 1942, exactly eight months after the first payment became due. Therefore, Fred E. Bartlett and Charles F. Robinson are entitled to $2,000 in their capacity as co-administrators of the estate of Sarah T. Bartlett.

In respect of the interests of Maud B. Robinson and Fred E. Bartlett, it is contended by the latter that on the death of Sarah T. Bartlett, leaving Maud and Fred surviving, a proper construction of the Supplementary Contract requires that the monthly instalments of $250 each continue and be divided equally between Fred and Maud; and that on the death of Fred or Maud, if the fund is still unexhausted, the instalments continue with the survivor taking the entire $250 monthly payment. It is the contention of the executor of Maud Robinson's estate that on Sarah Bartlett's death, Maud Robinson was entitled to one-half the balance of the fund remaining in the Company's possession after deducting payments due to Sarah, the mother, prior to her death.

The interpretation of the Supplementary Contract contended for by Fred Bartlett depends upon a construction of the word "survivor" to mean ultimate survivor of Fred and Maud; which, in turn, depends upon an elaborate machinery of instalment payments to sustain such a construction. This court is unable to find any intention to set up such a machinery. The mode of

payment by instalments is clearly limited to Sarah T. Bartlett. In the Supplementary Contract the Company does not agree broadly to pay monthly instalments of $250 until the fund is exhausted; it agrees to pay instalments only to Sarah T. Bartlett until the fund is exhausted. On the death of the beneficiary Sarah T. Bartlett before the fund is exhausted, the contract provides that "any balance of the fund shall be payable to the contingent beneficiaries, Fred E. Bartlett and Maud B. Robinson, children of the beneficiary, equally, or to the survivor". This mode of payment appears in a separate paragraph from that in which the mode of payments to Sarah Bartlett are described, that is, in instalments. There is no reference to an instalment method of payment in the paragraph of the Supplementary Contract providing for payments to Fred Bartlett and Maud Robinson. The word "balance" generally means total or net balance; it does not usually refer to a series of payments. The contract could have said "any balance of instalments shall be payable" or it could have said "any balance shall be payable in instalments", if payment of the balance in instalments had been intended. It is significant that the word "instalments" appears only once in the Supplementary Contract, where it is limited to the payments to be made to Sarah T. Bartlett, as opposed to paragraph 15 of the original policy entitled "Modes of paying the insurance", where the word "instalments" appears four times. It is also significant that in the only other place in the Supplementary Contract where the word "balance" appears, viz., in the paragraph providing that "The beneficiary may withdraw a part or all of the principal sum upon furnishing the Company at its Home Office with written request accompanied by this contract for endorsement, provided that the balance of the principal sum, if less than Five Hundred Dollars, may at the option of the Company be paid to the beneficiary," the word "balance" refers indubitably to total or net balance. There is nothing in the Supplementary Contract to indicate the Company intended the words "instalments" and "balance" to have other than their plain and ordinary meaning.

Moreover, the construction of the Supplementary Contract contended for by Fred E. Bartlett would seem to contravene the clear intent of Sarah T. Bartlett and the best interests of the Company. Sarah T. Bartlett provided, and it is undisputed, that

if neither of her children survived her any balance was to be paid to her executors or administrators. Under the interpretation of the contract advanced by counsel for Fred E. Bartlett consistency would require that the balance be paid to Sarah's estate in monthly instalments of $250 each. There would seem to be no logical reason for so hesitant a disposition of her property. There is no evidence of any intention to make either her personal representatives or the Company trustees nor is there any evidence from which to spell out an acceptance of such a trust by the Company. Also, it is highly unlikely that the Company ever intended saddling itself with monthly instalment payments, with the consequent bookkeeping and interest burdens, to three successive beneficiaries whose interests in the fund were not certain in amount but varied with the life or death of co-beneficiaries. It is much more likely that the Company by employing the word "balance" intended a final settlement of the claim on the death of the original beneficiary, Sarah T. Bartlett.

Further, the rules which govern the interpretation of all other contracts govern in the interpretation of contracts of insurance (Trustees of Thayer Academy v. Corporation of Royal Exchange Assur., 281 Mass. 150, 153, 183 N.E. 264) and the fair meaning—the plain and natural meaning—of the language used is to be ascertained. This court can find no ambiguity in the meaning of the language here. "Balance * * * to * * * Fred E. Bartlett and Maud B. Robinson, equally, or to the survivor; if neither survives the beneficiary, to the executors * * * of the beneficiary" plainly means balance of fund left at death of Sarah to Fred and Maud equally if they survive the beneficiary Sarah; if Fred and Maud do not both survive the beneficiary Sarah, then the survivor at Sarah's death of Fred and Maud will take the balance and if neither Fred nor Maud survive Sarah, then, in that event, to Sarah's estate. True, the words "or to the survivor" were without actual effect under the facts as they developed, but they were inserted by Sarah to guard against the eventuality of Maud or Fred predeceasing one another before Sarah's death, in which event she wanted the survivor of them to take. And, further, she provided for the contingency of neither Fred nor Maud surviving her by providing in that event that the fund was to go to her estate. Since she could not anticipate whether Fred and Maud would survive her, she designated them properly as "contingent beneficiaries."

Fred Bartlett argues that this interpretation is wrong, because, he says, if Sarah Bartlett wanted Fred and Maud to take equally at her death she would have used the following language: $250 monthly until exhausted, Fred E. Bartlett, son, and Maud B. Robinson, daughter, equally" and there would have been no occasion to use the words "or survivor" in answer to question No. 11 on the proof of death or "or to the Survivor" in the Supplementary Contract. In other words, Fred Bartlett argues that the construction adopted here makes the words "or survivor" in question No. 11 and "or to the survivor" in the Supplementary Contract meaningless. But if Sarah had omitted the words of survivorship, Fred and Maud would not be contingent beneficiaries as designated; their interests would be those of indefeasible vested remaindermen and would vest in possession at Sarah's death whether they individually survived her or not. Restatement Property, Sec. 164; Minot v. Purrington, 190 Mass. 336, 338, 77 N.E. 630; Gibbens v. Gibbens, 140 Mass. 102, 104, 3 N.E. 1, 54 Am.Rep. 453; Darling v. Blanchard, 109 Mass. 176, 177, 178; and cf. Stanwood v. Stanwood, 179 Mass. 223, 226, 60 N.E. 584; Harrison v. Marden, 298 Mass. 148, 150, 10 N.E.2d 109, 112 A.L.R. 577.

This is not what Sarah Bartlett sought to do. First, she wanted Fred and Maud, or the survivor of them, to take the whole of the balance at her death; and, second, she did not want their estates to take in the event neither Fred nor Maud survived her. In the latter event she wanted the balance to go to her estate at her death, if, having control of the balance of the fund during her lifetime she did not dispose of it by will or otherwise to selected objects of her bounty.

It is true, because of circumstances, some of the precautions she took were inoperative, but it cannot be said that under the interpretation made here by the court of the words employed in the Supplementary Contract in disposing of the fund that they were surplusage and without meaning.

Accordingly, it is decided that under a proper construction of the provisions of the Supplementary Contract Maud B. Robinson and Fred E. Bartlett each became entitled on the death of Sarah T.

Bartlett to one-half the total balance of the fund remaining in complainant's possession after deduction of the payments due Sarah T. Bartlett prior to her death.

A decree in accordance with this opinion will be presented by the parties to the court for approval.