GEORGE HUSSEY & another, trustees, vs. PAULINE H. HUSSEY & others.

Bristol.   October 25, 1948. — December 29, 1948.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Devise and Legacy*, Estate for life of another.   *Trust*, Express trust: construction; Income beneficiary; Estate for life of another.

Under a will establishing a trust and directing payment of eight tenths of the income to one beneficiary during her life and two tenths to two other beneficiaries, neither of whom was related to the testator, and the survivor of them "during the life of" the first beneficiary, with provisions for disposition of the principal upon the death of the first beneficiary, the executor of the will of the survivor of the other two beneficiaries, both of whom predeceased the first beneficiary, was entitled to two tenths of the income from the death of such survivor to the death of the first beneficiary.

PETITION, filed in the Probate Court for the county of Bristol on June 23, 1947.

The case was heard by *Hitch, J.*

In this court the case was submitted on briefs.

*R. McLeod & S. Rosenberg,* for A. Gledden Santer, executor.

*M. R. Brownell & C. H. Whittier,* for St. Luke's Hospital of New Bedford.

LUMMUS, J.   The trustees under the will of Elsie M. West bring this petition for instructions as to the payment of two tenths of the income of the trust property.

The will gave the residue of the estate to trustees, to pay the balance of the net income, after certain immaterial prior charges, "eight tenths to the said Pauline H. Hussey for her life" and "two tenths in equal shares to Rosamond Clifford and Margaret Santer, or the survivor of them, during the life of the said Pauline H. Hussey." Neither Rosamond Clifford nor Margaret Santer was related to the testatrix. Upon the death of the said Pauline H. Hussey, the corpus of the trust estate was to pass, one third to

George Hussey, Junior, one third to Charles Morgan Hussey, and the other one third ultimately to St. Luke's Hospital of New Bedford.

Pauline H. Hussey is still living, but Rosamond Clifford died on April 20, 1944, and Margaret Santer died on December 27, 1946. No disposition of two tenths of the income, after the death of Margaret Santer and until the death of Pauline H. Hussey, was made expressly and in plain terms by the will.

George Hussey, Junior, and Charles Morgan Hussey disclaimed any interest in the two tenths of the income in question. The competing claimants of that income are St. Luke's Hospital, and A. Gledden Santer, executor of the will of Margaret Santer.

One possible solution of the problem would be to hold that the two tenths of the income in question, from the death of Margaret Santer to the death of Pauline H. Hussey, was not disposed of by the will, with the result that it would pass to the estate of the testatrix as intestate property. This would run counter to the principle that where a testator makes a will he is presumed to intend to dispose of all of his property by the will. *Lyman* v. *Sohier*, 266 Mass. 4, 8. *Old Colony Trust Co.* v. *Treadwell*, 312 Mass. 214, 216. *Riley* v. *McMaster*, 313 Mass. 739, 740. In the present case no one argues in favor of that solution. We think that that solution is not satisfactory.

St. Luke's Hospital claims the income in question. But it is to be observed that the residuary clause gives St. Luke's Hospital nothing prior to the death of Pauline H. Hussey. If St. Luke's Hospital could claim the income in question, it would seem that it would have to share it with George Hussey, Junior, and Charles Morgan Hussey, who occupy the same position under the will. We think that St. Luke's Hospital has no valid claim to the income in question.

The true solution of the problem is to be discovered from a consideration of a line of cases in England and America of which *Harrison* v. *Marden*, 298 Mass. 148, 112 A. L. R. 577, and note, is one of the most valuable. In that case

the testator gave the residue of his estate in trust to pay an annuity of $2,500 to his granddaughter M. Adena Marden. during the life of his widow. The granddaughter died during the life of the widow. Rugg, C.J., said (page 150), ". . . the principle has been developed that, where an annuity or payment of income to a child or other issue of the testator is not limited in terms to the life of the beneficiary but is limited to some other lawful period of time, and before the expiration of that period the beneficiary dies, his personal representative is entitled to the income for the remainder of the period." The same principle extends to cases where the beneficiary was not a descendant of the testator, as appears from *Thompson* v. *Martin*, 281 Mass. 41, and some of the cases hereinafter cited in this opinion.

An early case enunciating that principle is *Savery* v. *Dyer*, 1 Ambl. 139 (1752). In that case the executor of the will was directed to pay an annuity to John Savery, during the life of the executor. Savery died before the executor, but the annuity was held to be payable to Savery's estate. In the still earlier case of *Rawlinson* v. *Duchess of Montague*, 2 Vern. 667 (1710), the testator gave an annuity to Mrs. Rawlinson during the life of the duchess, and in her lifetime Mrs. Rawlinson died. It was held that the annuity was payable to her executor during the lifetime of the duchess. In *Eales* v. *Earl of Cardigan*, 9 Sim. 384 (1838), an annuity was given to each spouse, husband and wife, during his or her life and that of the survivor. The husband died first. It was held that his personal representative was entitled to the annuity payable to him, until his wife should die. In *Lewes* v. *Lewes*, 16 Sim. 266 (1848), trustees were to pay 300£. yearly to the children of the testator's son, during the life of the latter. The son had three children, one of whom died in the lifetime of the son. It was held that one third of the 300£. was payable to the estate of the child so dying, during the lifetime of the son. In *Laxton* v. *Eedle*, 19 Beav. 321 (1854), trustees were directed to pay the income to the testator's wife during the minority of his son, and then to transfer the principal to his son. The wife died while the son was a minor.

It was held that his interest was not accelerated, but that the income during his minority was payable to the estate of the wife.

Many other cases can be found, recognizing the same principle. It is sufficient to cite a few only. *In re Ord,* 12 Ch. D. 22. *In re Cannon,* 114 L. T. (N. S.) 231. *Conant v. Bassett,* 7 Dick. (N. J.) 12. *Morse* v. *Ballou,* 109 Maine, 264. *White* v. *Strowbridge,* 133 Ore. 638. *Follett, petitioner,* 23 R. I. 409. *Little's Appeal,* 81 Pa. 190. *Ritter's Estate,* 190 Pa. 102. *Morris* v. *Bolles,* 65 Conn. 45.

The judge was right in entering a decree instructing the trustees "that said, income would pass to the personal representative of the said Margaret Santer during the life of the said Pauline H. Hussey and should be paid to such personal representative."

*Decree affirmed.*