Boston Safe Deposit and Trust Company, trustee, *vs.*
Jane P. Northey & another.

Suffolk.   November 3, 1954. — December 29, 1954.

Present: Qua, C.J., Ronan, Wilkins, Spalding, & Williams, JJ.

*Devise and Legacy*, Estate for life of another.   *Trust*, Income beneficiary,
Estate for life of another.   *Equity Jurisdiction*, Instructions.

In a will establishing a trust and directing payment of income not ex-
ceeding a specified amount yearly to a certain woman during her life
and payment of the balance of the income above that amount during
the life of the woman to the testator's three brothers in equal shares,
"and in case of the death of any of said brothers his share of said
income to be paid to his heirs," the words of contingency referred to
a brother's death not only during the testator's life but also during
the woman's life, and upon the death of a brother after the death of the
testator and during the woman's life that brother's heirs and not his
personal representative became entitled to the share of income which
he had been receiving.   [112–113]
Upon a petition for instructions by a trustee, instructions were declined
as to his duties in an event which had not occurred and might never
occur, and upon the termination of the trust, yet to occur.   [114]

Petition, filed in the Probate Court for the county of
Suffolk on April 3, 1953.

The case was heard by *Wilson, J.*

*Paul B. Sargent,* for the respondents Jane P. Northey and
another, submitted a brief.

Spalding, J.   Edward A. Northey, hereinafter called the
testator, died on November 17, 1942.   By his will, which
was allowed in 1942, the testator left all the residue of his
real and personal property to the Boston Safe Deposit and
Trust Company, hereinafter called the trustee, in trust as
follows:

"(a) To pay to Caroline T. Peabody, now living at 270
Bay State Road, Boston, Massachusetts, the income there-
from up to but not exceeding the sum of Twenty-five Hun-

dred (2500) Dollars yearly by monthly installments during her life.

"(b) To pay the balance of said income above Twenty-five Hundred (2500) Dollars a year, if any, during the life of said Caroline T. Peabody in equal shares to my three brothers the said Herbert W. Northey, Henry B. Northey of Topsfield and Salem, Massachusetts and William E. Northey of Salem, Massachusetts, and in case of the death of any of said brothers his share of said income to be paid to his heirs.

"(c) Upon the death of said Caroline T. Peabody said Trust shall terminate and the Trust Fund shall be divided equally between my three brothers and their heirs, the heirs of any to take by right of representation."

Two of the brothers, Herbert and William, predeceased the testator. Henry survived the testator, as did Caroline T. Peabody. The Probate Court in 1943, in answer to a petition for instructions brought by the trustee, decreed that five twelfths of the balance of the income above $2,500 a year during the life of Caroline T. Peabody was to be paid to Henry B. Northey, and that the remainder of the balance was to be paid in certain specified proportions to the heirs of Herbert and William. The court also at that time decreed that the principal at the termination of the trust was to go to the same persons and in the same proportions.

On October 15, 1952, Henry died testate. Caroline T. Peabody is still alive. The trustee in this petition seeks instructions as "to whom and in what portions . . . [Henry's five-twelfths share] of the income from the trust fund over and above . . . [the $2,500 payable to Caroline T. Peabody] should now be paid." The trustee also sought instructions as to the disposition of the shares of income paid to the heirs of Herbert and William should such heirs die during the lifetime of Caroline T. Peabody, as to the distribution of the five-twelfths share of the principal which under the 1943 decree was to go to Henry, and as to the distribution of the shares of principal given by that decree to the heirs of William and Herbert should such heirs die be-

fore the time of distribution. A guardian ad litem was appointed to represent persons unborn or unascertained.

The judge decreed that Henry's right to the income during the lifetime of Caroline T. Peabody was a vested interest which passed under Henry's will and was to be paid to his trustees until Caroline's death. The judge declined instructions as to the other matters. The heirs of Henry, Jane P. Northey and Richard P. Northey, appealed.

The general rule is that where the payment of income to a person is not limited in terms to the life of a beneficiary but is limited to some other lawful period of time, and before the expiration of that period the beneficiary dies, his personal representative is entitled to the income for the remainder of the period. *Harrison* v. *Marden*, 298 Mass. 148, 150. *Hussey* v. *Hussey*, 323 Mass. 533, 535. Annotation, 112 A. L. R. 581 et seq.

Henry's heirs argue in substance that the foregoing rule is not applicable here and that they are entitled to his share of the income for the remainder of the period here limited, that is, until the death of Caroline T. Peabody. The testator's will provides for payments of income to the named brothers during the life of Caroline "and *in case of the death* of any of said brothers his share of said income to be paid to his heirs" (emphasis supplied).

"In bequests of personal property, the leaning in favor of vested interests, and the absurdity of speaking of the one event which is sure to occur to all living as uncertain and contingent, have led the courts to interpret the words 'in case of the decease' of the first legatee, when followed by a second legacy of the same property, not to mean death at any time in the future, but death within a certain period, and, when no other period is indicated by the will, within the lifetime of the testator; and thus to substitute the second legacy in place of the first, and make it vest immediately upon the testator's death." *Briggs* v. *Shaw*, 9 Allen, 516, 517, per Gray, J. *Meins* v. *Pease*, 208 Mass. 478, 481. *Jones* v. *Webb*, 5 Del. Ch. 132. *Burdge* v. *Walling*, 18 Stew. 10. *Fowler* v. *Ingersoll*, 127 N. Y. 472, 477–479.

Jarman on Wills (8th ed.) 2003–2004. The rule, which is merely one of construction, has been said to be arbitrary, resting more upon precedent than reason, and where the contingency of death can be referred to another period than the life of the testator courts have readily so construed it. *Britton* v. *Thornton*, 112 U. S. 526, 533. *Wilmington Trust Co.* v. *Houlehan*, 15 Del. Ch. 84, 89–90. *In re Estate of Willits*, 88 Neb. 805, 809. *Fowler* v. *Ingersoll*, 127 N. Y. 472, 479. The tendency has been to "lay hold of slight circumstances in the will, to vary the construction and to give effect to the language according to its natural import." *Vanderzee* v. *Slingerland*, 103 N. Y. 47, 56. For this reason courts have refused to apply the rule where the bequest to the first legatee was not absolute and unrestricted. Thus where the first legatee takes only a life estate the rule has been held inapplicable, for the words of contingency may reasonably refer to the event that would determine the life estate. Jarman on Wills (8th ed.) 2010. *Smart* v. *Clark*, 3 Russ. 365. *Millikin National Bank* v. *Wilson*, 343 Ill. 55, 62. *Fowler* v. *Ingersoll*, 127 N. Y. 472, 478. *Matter of Baer*, 147 N. Y. 348, 354. See *Wilmington Trust Co.* v. *Houlehan*, 15 Del. Ch. 84; *Lockhart's Estate*, 306 Pa. 394, 403–404.

In the case at bar the rule ought not to apply, for there is another period indicated in the will to which the words of contingency might reasonably refer. The legacy to Henry was not absolute and unrestricted; it was a bequest of income during the lifetime of Caroline. Henry's death was not certain to occur during Caroline's life. Hence we do not have the absurdity of providing for a contingency that was certain to occur.

We are of opinion, therefore, that the words "in case of the death of any of said brothers" refer to the death of a brother not only during the lifetime of the testator but also during the lifetime of Caroline. So interpreted the words have the effect of restricting the gift of income to Henry to his life, thereby giving effect during Caroline's life to the gift over to Henry's heirs.

We decline at this time to consider the questions upon which the judge below refused instructions. The question as to the distribution of the shares of income paid to the heirs of Herbert and William, should any such heirs die during the lifetime of Caroline, involves a contingency which may never occur. *Young* v. *Jackson*, 321 Mass. 1, 7. The question as to the distribution of principal upon the termination of the trust relates to a future duty of the trustee. The rule is that, except in unusual circumstances, trustees will not be instructed as to future duties. *National Shawmut Bank* v. *Morey*, 320 Mass. 492, 499–500. *Young* v. *Jackson*, *supra*. We see no reason for departing from that rule here.

The decree is reversed, and a new decree is to be entered in accordance with this opinion.

*So ordered.*