GORDON C. PRINCE & another, trustees, *vs.*
MORTON P. PRINCE & others.

Suffolk.    April 2, 1968. — July 1, 1968.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Devise and Legacy,* Issue, Estate for life of another, Time of vesting.

Under all the terms of a testamentary trust in which the words "child," "children," and "issue" were employed in a careful manner, and which provided that income should be divided equally between the testatrix's son and daughter so long as both of them lived and that "If either of my children dies leaving no issue him or her surviving" his or her share of the income should be paid to the other child, it was held that the word "issue" in such provision had its usual meaning of all the lineal descendants of the testatrix's son or daughter, including a grandson of the testatrix's daughter living at the death of the daughter, who survived her own daughter, the mother of the grandson, and that there was no occasion for a gift over to the testatrix's son of the share of income of the testatrix's daughter. [591]

Under all the terms of a will establishing a trust and providing that some of the income should be paid for a certain number of years to the testatrix's daughter's grandson, son of the daughter's daughter and the only greatgrandchild of the testatrix living when the will was executed, that certain income should be divided equally between the testatrix's son and daughter so long as both of them lived, that upon the daughter's death her share of income should be paid to her daughter, who was named, and that after the death of the survivor of the testatrix's son and daughter all the income, with certain exceptions, should be equally divided among the testatrix's grandchildren, issue of a deceased grandchild to take by right of representation, and where it appeared that the testatrix's named granddaughter predeceased her mother and that her mother predeceased the testatrix's son, it was held

that the testatrix's named granddaughter had a vested interest in her mother's share of income, which, after her mother's death, was an interest for the life of the testatrix's son, and that the named granddaughter's personal representative was entitled to such share of income for the period from her mother's death to the death of the testatrix's son. [591–593]

Under a will establishing a trust and providing that trust income should be divided equally between the testatrix's son and daughter so long as both of them lived, with a gift of the income over upon the death of the survivor of the son and daughter, that upon the daughter's death her share of income should be paid to a named daughter of hers, and that "If either of my children dies leaving no issue him or her surviving, then his or her share of the income . . . shall be paid to the other child," and where it appeared that the testatrix's named granddaughter predeceased her mother and that her mother predeceased the testatrix's son and left as issue only a son of the named granddaughter, it was held that he was not entitled to his grandmother's share of income for the period from his grandmother's death to the death of the testatrix's son on the theory that a gift over to surviving issue of the grandmother upon her death was implied. [593]

PETITION for instructions filed in the Probate Court for the county of Suffolk on July 13, 1966.

The case was heard by *Wilson*, J.

*William Minot* stated the case.

*Calvin P. Bartlett* (*Joseph D. Hinkle* with him) for Gordon C. Prince & another, trustees.

*Laurence S. Fordham* (*John G. S. Flym* with him) for John Endicott Collins.

*Philip H. Suter* for John A. MacGruer, Jr., special administrator.

REARDON, J. We have this case on appeal from a decree of the Probate judge who heard a petition for instructions filed by trustees under the will of Fanny Lithgow Prince. She died on January 22, 1945, survived by two children, Morton P. Prince (Morton) and Claire P. Hanks (Claire). On that date Morton had three children and one grandchild, while Claire had one child, Clarissa W. Lane (Clarissa), and a grandchild, John Endicott Collins (John), son of Clarissa, then living. Clarissa died in 1951. Claire died on January 23, 1966. Morton died on January 9, 1967.

The will of Fanny Lithgow Prince created a trust fund and allocated portions of the income thereof to certain pay-

ments provided by her will to the Boston Medical Library, Aagot Witberg, and to John until he attained the age of twenty-six years. These provisions have been satisfied in full.

Article XXX of the will is as follows:

"All the income of the trust, except such part of it as may be required to satisfy the provisions made in favor of Aagot Witberg, my great-grandson, John Endicott Collins, and the Boston Medical Library, shall be divided equally between my son Morton and my daughter Claire so long as both of them live. When my son Morton dies, half of the income to which he would have been entitled, had he lived, shall be paid to his wife, Marjorie, until she dies or marries again, and all the rest of the income, and the whole of it after his widow dies or marries again, to which he would have been entitled, shall be divided equally among his children, issue of a deceased child standing in his or her place and taking equally per stirpes by right of representation.

"I give my daughter Claire power to appoint by will or by instrument in the form of a will one-half of all the income to which she would have been entitled had she lived, or any smaller part thereof, to her husband, Stedman Hanks, on such terms and conditions as she may see fit. All the rest of her share of the income, and the whole of her share after such provision as she may make by exercising her power of appointment in favor of her said husband, has been satisfied, shall be paid to her daughter, Clarissa.

"If either of my children dies leaving no issue him or her surviving, then his or her share of the income not required to satisfy the provisions made in favor of my son's widow or my daughter's husband, through the exercise of her power of appointment, and the whole thereof after such provision has been satisfied, shall be paid to the other child.

"After the death of the last survivor of my two children, all the income not required to satisfy the provisions made for my son's widow or made by my daughter for her husband, Stedman Hanks, shall be equally divided among my grandchildren, issue of a deceased grandchild standing in his or her place and taking equally per stirpes by right of repre-

sentation. And this equal division among my grandchildren shall continue until the termination of the trust."

Claire did not exercise her power of appointment and died survived only by her grandson, John. Confronting us for decision is the proper disposition of the one-half share of the net income of the trust formerly paid to Claire and accumulated from her death to the date of Morton's death. The decree ordered payment of this sum to the special administrator of the estate of Clarissa, who predeceased her mother by approximately fourteen years. John, the executors of the will of Morton, and Marjorie B. Prince have appealed.

1. We first discuss the contention of the executors of Morton that, on the assumption that the interest of Clarissa was vested and not contingent on her survival of Claire, this interest was subject to divestment in favor of Morton were she to predecease him "leaving no issue her surviving." It is argued that the term "issue" did not include John, grandson of Claire, and that this is evident from the testatrix's general scheme as disclosed by her will. As we have had occasion to state, we ordinarily will construe "issue" to include all lineal descendants and to import representation unless we discern a testamentary purpose to attribute to "issue" a "signification other than its common one." *Young* v. *Jackson*, 321 Mass. 1, 5–6, and cases cited. Restatement: Property, § 265. The careful manner in which the words "child," "children," and "issue" are employed in Article XXX evidences an appreciation of the distinction between them and negates the possibility that the testatrix intended them to be synonymous. *Boston Safe Deposit & Trust Co.* v. *Park*, 307 Mass. 255, 260. Cf. *Silsbee* v. *Silsbee*, 211 Mass. 105, 109. Reference to certain other clauses of the will would tend to support our conclusion that "issue" carries here the customary meaning. We thus construe "issue" to include John. Therefore, there was no occasion for a gift over to Morton.

2. For John and the estate of Morton it is argued that the will evinces no intent of the testatrix that Clarissa

should ever enjoy a vested interest in that share of trust income which is the subject of the petition. We note the "rule of construction of wills that a devise or bequest to the testator's . . . issue is held to be vested unless there is in the will something to show the contrary." *Harrison* v. *Marden*, 298 Mass. 148, 150. See *Boston Safe Deposit & Trust Co.* v. *Park, supra,* at p. 261. Companion to that rule is the principle that "where an annuity or payment of income to a child or other issue of the testator is not limited in terms to the life of the beneficiary but is limited to some other lawful period of time [e.g., the life of Morton], and before the expiration of that period the beneficiary dies, his personal representative is entitled to the income for the remainder of the period." *Harrison* v. *Marden, supra,* at pp. 150–151, and cases cited. *Hussey* v. *Hussey,* 323 Mass. 533, 534–536, and cases cited.

In the *Harrison* case the trustee was directed to pay $2,500 a year to each of the testator's grandchildren, R and M, for the life of C. M. died before C. In the *Hussey* case the trustee was directed to pay equal amounts of income to R and M or the survivor of them for the life of P. M outlived R but predeceased P. The holding in each case was that the personal representative of M should take the remainder of the income of the estate per autre vie. Clarissa's estate was one per autre vie.

Certain cases are cited by the various appellants which contain exceptions to the rule of the *Harrison* and *Hussey* cases, *supra.* These cases are cited in support of the argument that Clarissa's estate should take nothing. They are, however, not in point. *Boston Safe Deposit & Trust Co.* v. *Park,* 307 Mass. 255, at pp. 262–264, involved a gift to remaindermen. Unlike the case at bar, the remaindermen were unborn at the time of the testator's death, and since the gift was a class gift to "issue" of the life beneficiaries it was decided that vesting was postponed until the death of the ancestor whose issue were to take. *Boston Safe Deposit & Trust Co.* v. *Northey,* 332 Mass. 110, and *Wheeler* v. *Kennard,* 344 Mass. 466, are distinguishable in that in each

case there was a gift over to the heirs (*Northey*) or issue (*Wheeler*) in the event that the initial beneficiary died before termination of the estate per autre vie. The gift to Clarissa in the case at bar was not clouded by such contingencies.

3. We pass to a consideration of the claim made by John that he is entitled to the payment of the income in dispute in that the third paragraph of Article XXX states, "If either of my children dies leaving no issue him or her surviving," then his or her share should be paid to the survivor of them. He cites the rule that "language which conditions a gift over on death without issue implies a gift to surviving issue." See *Parker* v. *Parker*, 5 Met. 134; *Daley* v. *Daley*, 300 Mass. 17. However, the rule is inapposite under this will where the testatrix has given specific direction that the income be paid to Clarissa so long as there are issue. We have already demonstrated that the right to her share of income vested in Clarissa before her death. Since upon the death of Claire a specific disposition of her share of the income was provided we see no reason to imply a different one.

4. The result we reach is reasonable in the light of the intention of the testatrix as manifested by the will as a whole. See *Boston Safe Deposit & Trust Co.* v. *Park*, 307 Mass. 255, 259; *Wheeler* v. *Kennard*, 344 Mass. 466, 469. The pattern of the will discloses the intent of the testatrix to provide assurance of support of all of her issue out of trust income, and an equitable distribution of the principal among all of her issue upon termination of the trust. John, Clarissa's son, was the only greatgrandchild alive when the will was drawn. He was specifically provided for. Any later born in Morton's line were equally provided for as to income by Article XXX. In view of the singling out of Clarissa among all her grandchildren for specific mention, and in view of the fact that Clarissa's one son was already provided for, it is not unreasonable to conclude that the testatrix intended that she should be trusted to provide equitably for any children she might have in addition to John or otherwise prudently to dispose of the income pending termination of the trust.

Any conclusion other than that which we make would necessarily be based to a large extent on conjecture. This would be highly inappropriate in the face of clear language in the instrument disposing of the property in a manner not in conflict with the apparent intent of the testatrix. See *Wheeler* v. *Kennard, supra,* at p. 470. We see nothing in the assertion of a partial intestacy under the will.

*Decree affirmed.*