ALBANY,
Feb. 1826.

Gillis
v.
Brown.

---

GILLIS, widow, demandant *against* BROWN, tenant.

Dower cannot be had of an estate *pur auter vie.*

If not devised, such an estate goes to the executor, and is assets in his hands.

One buys land under an execution against tenant by the curtesy; the former is tenant *pur auter vie;* and his widow not dowable.

DOWER, of land in Argyle, Washington county; tried at the Washington circuit, January 5th, 1824, before WALWORTH, C. Judge.

At the trial, the demandant deduced a title to her husband, Archibald Gillis, in his life time, by a sheriff's sale and conveyance in fee, to him, under executions on judgments docketed December 20th, 1816, against Brown, the tenant; and rested.

The tenant then proved a deed from one Reed, Middleton and others to Duncan Campbell, in fee simple, including the premises in question. That Campbell died about 20 years before the trial; leaving Elizabeth and Nancy, his daughters, and heirs at law. That Nancy intermarried with Brown, the tenant, previous to 1816; and is still living, having several children by Brown. That he took possession, and claimed title to the premises in question, in right of his wife merely.

Verdict for the demandant, subject to the opinion of the Court.

*D. Russell* and *S. Stevens*, for the demandant. Archibald Gillis acquired an estate under the sheriff's sale, of

which his widow is dowable. (1 R. L. 56, s. 1.) The deed was to him and his heirs; and the estate not having been devised, his heirs would take as special occupants. (*Atkinson* v. *Baker*, 4 T. R. 229, *Doe* v. *Luxton*, 6 id. 289.) And when the heir, as such, is entitled to take, the widow is dowable.

Though he had a freehold defeasible, his wife shall take, till it be defeated. (Vin. Ab. Dower (G.) pl. 14. Seymor's case, 10 Rep. 95, 6. Plowd. 555, 557.)

*P. S. Parker*, (*A Spencer*, same side,) contra. Brown was a mere tenant by the curtesy initiate; and, at most, Gillis could acquire and hold no more than an estate *pur auter vie.* Clearly, at common law, the widow would not be dowable of such an estate; (2 Saund. 46, note (5); Co. Lit. 32, a. ; 2 Bl. Com. 129; Lit. s. 9; 3 P. Wms. 263; 1 R. L. 365, s. 4;) and the statute, (1 R. L. 56,) gives no greater right. It was passed merely with a view to the remedy, leaving the rights of the widow precisely as they were before.

*Curia*, per WOODWORTH, J. The husband of the demandant had not an estate, that could descend to his heirs. It was *pur auter vie.* By the English statute, (29 Car. 2, c. 3, sec. 12,) such an estate descends to the heir, if it comes to him as a special occupant. It was enacted to prevent the mischief, which previously existed, that where no special occupant was designated by the grant, it belonged to the person who first took possession. (4 D. & E. 229.) This act enables the proprietor to devise the estate; but when no devise is made, it is chargeable in the hands of the heir, if it comes to him by reason of a special occupancy as assets by descent, as in case of lands in fee simple; and if there be no special occupant, it shall go to the executor and be assets. Our act, (1 R. L. 365, s. 4,) declares that estates of this description shall be deviseable; and if no devise be made, they shall go to the executor or administrator,

ALBANY,
Feb. 1826.

to be applied and distributed as part of the personal estate. The consequence is, the demandant is not entitled to dow er ; and the tenant is entitled to judgment.

Judgment for the tenant.