*In re* SUSAN A. FOLLETT *et al.* FOR AN OPINION.

PROVIDENCE—DECEMBER 18, 1901.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Wills. Annuities.*

By a testamentary provision property was devised to trustees for and during the life of the wife of testator to apply the income thereof in part as follows: "Pay unto my sister M. an annuity or clear yearly sum of $100," and upon the death of the wife to distribute the trust estate, in part, "To my sister M. $5,500 to her use absolutely." M. died during the life of the wife :—

*Held,* that the test as to whether an annuity *per autre vie* ceased with the life of the annuitant or continued to the personal representatives was one of intention.

*Held,* further, that the evident purpose of the will was to give to the donees a portion of the income up to the time when they would receive the principal, hence the annuity continued to the personal representatives.

(2) *Wills. Trusts. Legacies. Interest.*

Bequests were made to the trustees conditional upon their acceptance of the trust :—

*Held,* that the bequests were not due until they became trustees, and they were not entitled to interest upon them before that time.

BILL IN EQUITY seeking the construction of a will.

STINESS, C. J.   The will of Jabez Follett gave certain property to trustees for and during the life of his wife, to apply the net income thereof in part as follows :   " Pay unto my sister Martha Frances Anthony an annuity or clear yearly sum of one hundred dollars."   Upon the decease of his wife, to distribute the trust estate, in part : " To my sister, Martha Frances Anthony, fifty-five, hundred dollars to her use absolutely."

Martha Frances Anthony has died, and the first question in this petition is whether the yearly payment ceased with her death or whether it shall continue to her executor until the death of the wife of Jabez Follett.

A simple annuity, where no time is limited for its duration, ceases with the life of the annuitant.   2 Am. & Eng. Ency. Law, 2d ed. 393.   But an annuity may be given for the life of another.   *Savery* v. *Dyer,* 1 Dick. 162 ; *In re Ord's Trust,* L. R. 12 Ch. Div. (1879) 22, in which James, L. J.; said : " It has never been doubted that a gift of an annuity for a term or *per autre vie* is a gift to the annuitant and his personal representatives during the term of life of the *cestuis que vie.*"

Nevertheless the ultimate test is that of intention.   By the terms of this will the intention of the testator seems to be clear.   The trust estate included a sum of $5,500 bequeathed to the annuitant upon the death of the testator's wife. Meanwhile, the whole trust estate is to be kept together, so

that the wife may have the income thereof over the annuities during that time. But during that same time a part of the income of the fund is to go to the donees to whom parts of the fund are specially bequeathed. The evident purpose was to give to the donees a portion of the income up to the time when they would receive the principal, and that time is the death of the wife. Hence the annuity continues to the personal representative of the donee.

*Baxter* v. *Barry*, 125 Mass. 83, is cited to the contrary. In that case the testator directed that "$500 per year for ten years" be paid to his niece, and also that this and other annuities should abate in case of a deficiency of income. The court held that the bequest was an annuity and not a legacy of $5,000, payable in instalments, and also, there being no words of inheritance or succession, that it was for life only and not for the ten years, if the annuitant should die before the expiration of the time.

While there are no words of succession attached to the annuity in the present case, there is a succession in estate. A fund was to go to the annuitant, after a time, and meanwhile she was to have a portion of the income of such fund, the balance going to another, thus bridging the whole time between the testator's death and the full possession of the fund. The decision in that case, therefore, is not inconsistent with our view of the present will.

(2)   The second question is whether the trustees are entitled to interest after one year from the death of the testator on the bequests to them.

The bequests were conditional upon their acceptance of the trust, and the agreed statement of facts shows that they received the bequests at or about the time that the trust estate was turned over to them. This being so, the bequests were not due until they became trustees. They had no right to them before that time. Hence they could not be entitled to interest before that time.

Our answers to the questions are:

(1) That the annuity of one hundred dollars continues to the executor of the will of Martha Frances Anthony, and

(2) That the trustees are not entitled to interest on their bequests.

*Clarence A. Aldrich, Cooke & Angell, and Edward W. Blodgett,* for various parties.