UNION TRUST CO. *v.* FISHER.

1. WILLS—CONSTRUCTION—PAYMENT OF ANNUITY AT DEATH OF AN-
   NUITANT.
   It is a general rule that a personal annuity given for a
   term of years or for the life of another does not terminate
   at the death of the annuitant, but passes to his personal
   representatives.

2. SAME—INTENT OF TESTATOR CONTROLS.
   In construing a will, all rules of construction must yield
   to the intent of the testator, if it can be fairly gathered
   from the four corners of the instrument.

3. SAME—DEATH OF ANNUITANT WITHOUT ISSUE—INTENT OF TESTA-
   TOR.
   Where a will provided for an annuity for testator's grand-
   son during the period of the trust therein created, and
   the grandson died without issue before the termination of
   the trust, the annuity ceased and was not payable to his
   administratrix, in view of the intent of the testator, evi-
   denced in other clauses of the will, that his property should
   go to his wife and issue only.

Appeal from Wayne; Lamb (Fred S.), J., presiding.
Submitted June 10, 1927. (Docket No. 79.)   Decided
July 29, 1927.   Rehearing denied October 3, 1927.

Bill by the Union Trust Company, trustee under the
last will of Maxwell M. Fisher, deceased, against Mary
A. Fisher and others for a construction of said will.
From the decree rendered, defendant Frances Fisher
and others appeal.   Affirmed.

*Campbell, Bulkley & Ledyard* (*Wilson W. Mills* and
*Rogers I. Marquis,* of counsel), for plaintiff.

*Angell, Turner & Dyer,* for defendants Mary A.
Fisher *et al.*

*Prentis, Pugh, Fitch & Carpenter,* for appellants.

[1]Annuities, 3 C. J. § 14; 2 R. C. L. 4; [2]Wills, 40 Cyc. pp. 1386,
1394, 1414; [3]Annuities, 3 C. J. § 14.

SHARPE, C. J.    The plaintiff, trustee under the last will and testament of Maxwell M. Fisher, filed the bill of complaint herein to obtain a construction of one paragraph thereof.    The will devised and bequeathed certain property to his wife during her natural life. The residue of the estate was devised and bequeathed to the plaintiff in trust.    Provision was made for the support of his son, Albert, during his lifetime, and for annuities to a number of grandchildren.    The concluding clause provided that upon the death of the survivor of his wife and his son the trust estate should be—

"distributed among my heirs at law in the same manner as though I had died intestate, at the time of the death of the said survivor."

Among the annuities provided for was the following:

"To my grandson David G. Fisher the sum of two hundred dollars ($200) per annum for and during the period of the trust herein created."

This grandson is now dead.    He left no issue him surviving.    He was a son of Albert.    His mother, as administratrix of his estate, claims that the annuity should be paid to her until the trust estate is terminated.    The widow is still living.    It may be stated that under another provision in the will the annuities were to be increased as the income increased, and the amount thereof is now many times that fixed in the will.

Counsel for the administratrix have been very painstaking in collecting the authorities bearing on the question.    It is a new one in this State.    The general rule is thus stated in 3 C. J. p. 206:

"A personal annuity given for a term of years or for the life of another does not terminate at the death of the annuitant, but passes to his personal representatives."

All rules of construction must, however, yield to the intent of the testator, if it can be fairly gathered from the four corners of the instrument.   Payment of an annuity to nine other grandchildren was provided for in similar language, except that the amounts varied somewhat, and as to three of them the sums were not payable until they respectively attained the age of 14 years.

Section 5 of the will reads:

"In the event of the death of any of my grand-children, herein provided for, during the period of the trust herein created, I direct that if said grandchild leave issue, the annuity of said deceased grandchild as herein provided, shall be paid by my trustee to the issue of said deceased grandchild during the period of the trust herein created."

The trial court was of the opinion that the provision in this section clearly indicated an intent that if such grandchild died without issue the payment of the annuity should thereupon cease.   We are also so impressed.   The will contains no bequests except to his widow and his son, Albert, and his grandchildren. There was no provision that the annuity to his son should, in the event of his death, be payable to his widow.   There is no indication that he desired any part of his estate to go to one not of his issue except his wife.   The provision for final distribution above referred to tends to support such a finding of intention on his part.   He wanted his widow and his son and grandchildren to have all of the income of his estate so long as the widow and son, or the survivor of them, should live, and he then wanted his estate distributed as though he had died intestate.

The decree will be affirmed.   No costs will be allowed.

Bird, Snow, Steere, Fellows, Wiest, Clark, and McDonald, JJ., concurred.