Argued March 19; affirmed September 30, 1930

## WHITE ET AL. *v.* STROWBRIDGE

(291 P. 798)

*Lamar Tooze* and *W. M. Cake,* both of Portland (Cake & Cake and Jaureguy & Tooze, all of Portland, on the brief), for appellant.

*John K. Kollock* of Portland for respondent.

RAND, J. The will of Justus M. Strowbridge was duly admitted to probate in Multnomah county on July 18, 1911. Among other bequests and devises, it contained in paragraph six thereof, referring to Alice Dorothy Strowbridge, who is named in the complaint as Dorothy S. Jackson, deceased, the following provision:

"* * * I also give and bequeath to my said granddaughter the sum of one hundred and seventy-five dollars ($175.00) per month during the life of my wife, Alice Jennette Strowbridge."

By the eleventh paragraph of the will, the testator also directed that:

"All of the rest and residue of my estate, real, personal and mixed, I give and bequeath to my wife, Alice Jennette Strowbridge, for and during her life, or so long as she remains a widow, and on her death or marriage, the remainder over to my granddaughter, Alice Dorothy Strowbridge, her heirs and assigns, forever. I desire my wife to so manage the property as to keep the net income, after the payment of running expenses and her own requirements, loaned on first mortgage loans on real property worth at least double the amount loaned."

Alice Jennette Strowbridge, the widow of the testator, was appointed as executrix. She is still living and has never remarried. Alice Dorothy Strowbridge, the granddaughter named in the will, died testate on August 7, 1929.

This action was brought by the personal representatives of said deceased granddaughter to recover the sum of $350, alleged to have accrued and become payable to the personal representatives of the deceased granddaughter under the terms of the will, in two payments, one payment on September first and the other on October first, 1929, both after her decease. The defendant demurred to the complaint, claiming that the annuity to said granddaughter terminated upon her death. The demurrer was overruled and defendant having refused to further plead, judgment for said amount was entered in favor of plaintiffs, from which defendant has appealed.

The question of whether the demurrer was properly overruled depends upon whether it was the intention of the testator that, in the event his granddaughter should predecease his widow, the annuity should terminate upon her death, or should continue after her death

and pass to her personal representatives during the lifetime of the widow. This depends upon the construction to be placed upon the whole will. The only provisions bearing upon that question to be found in the will are those to which we have referred. The will makes no reference to any fund out of which the annuity is to come. The annuity granted to the granddaughter was a personal annuity and one created by the will. Its duration was expressly limited to the life of the widow of testator and the gift is a specific bequest of $175 per month, "during the life of my wife." The rule is that where a personal annuity is given to A during the life of B and A dies during the life of B, the annuity does not expire upon the death of A but will pass to the personal representatives of A. The following cases so hold: *Savery v. Dyer,* 1 Amb. 139; *In re Ord's Trust,* L. R. 12 Ch. Div. (1879) 22; *In re Morgan, Executors, v. Williams,* 66 How. Pr. (N. Y.) 139; *Montanye v. Montanye,* 29 App. Div. (N. Y.) 377 (51 N. Y. S. 538); *Matter of Viele,* 35 App. Div. (N. Y.) 211 (54 N. Y. S. 1774); *In re Follett,* 23 R. I. 409 (50 Atl. 848); *In re Shuford's will,* 164 N. C. 133 (80 S. E. 420); *Union Trust Co. v. Fisher,* 240 Mich. 68 (214 N. W. 941); *Hawaiian Trust Co. v. McMullan,* 23 Haw. 685; Hawkins on Wills, (2d Ed.) 124; 3 C. J., § 14, p. 206.

In the Montanye case just cited the court said:

"* * * It is not disputed but that when one gives the interest of a sum of money to A, during the life of B, and A dies in the life of B, his executors shall have the interest during B's life. This was settled by Lord Chancellor Hardwicke in *Savery v. Dyer* (1 Amb. 139), and I cannot find that it has ever since been doubted."

*In re Follett,* supra, the court said:

"A simple annuity, where no time is limited for its duration, ceases with the life of the annuitant: 2 Am.

& Eng. Ency. Law, 2d ed. 393. But an annuity may be given for the life of another: *Savery v. Dyer,* 1 Dick. 162; *In re Ord's Trust,* L. R. 12 Ch. Div. (1879) 22, in which James, L. J., said: 'It has never been doubted that a gift of an annuity for a term or per autre vie is a gift to the annuitant and his personal representatives during the term of life of the *cestuis que vie.*' "

That it was the intention of the testator that the annuity to the granddaughter was not to cease at the time of her death but was to continue and pass to her personal representatives in case she should die during the life of the testator's widow appears from another bequest in the will in which the testator gave an annuity to Mabel Edna Cake and limited its duration by using the words: "during the term of her natural life." Having so limited the annuity in that bequest and not limiting the annuity to his granddaughter to her natural life but to the life of his widow shows that the testator intended to distinguish between the two and to grant to the granddaughter an annuity which should terminate only upon the death of the testator's widow, at which time the granddaughter, if living, would come into possession of the residue of testator's property after the death of the widow in accordance with the eleventh paragraph of the will.

The contention that because the eleventh paragraph of the will gave the residue of the estate of the testator to his widow during her natural life and the remainder over to the granddaughter is evidence of an intention upon the part of the testator that, unless the granddaughter survives the widow, the annuity to the granddaughter should cease does not seem to find support in any decision except that in *Kelly v. Casey,* 62 Hun. (N. Y.) 467 (17 N. Y. S. 86), the doctrine of which, in respect to this particular question, does not seem to

have been followed in any subsequent case. We, therefore, hold in conformity to what we believe to be the universal holding of the courts that the annuity to the granddaughter did not terminate upon her death but passed to her personal representatives, from which it follows that the judgment appealed from must be affirmed.

COSHOW, C. J., and ROSSMAN, J., concur.