(No. 31502.—

GILBERT KOST *et al. vs.* MARSHALL C. FOSTER, Appellee.— (OSCAR DURANT KOST, Appellant.)

*Opinion filed September 21, 1950.*

RATCLIFF & PROCTOR, of Lewistown, for appellant.

CHIPPERFIELD & CHIPPERFIELD, FREDERICK O. MERCER, and JAMES F. SCOTT, all of Canton, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an appeal in behalf of Oscar Durant Kost, one of the plaintiffs and counterdefendant, from a decree for partition entered on the counterclaim of counterplaintiff, Marshall C. Foster, in the circuit court of Fulton County.

The record discloses that on December 11, 1897, John Kost and his wife, Catherine, executed a warranty deed as

follows: "The Grantors, John Kost and his wife Catherine Kost * * * Convey and Warrant to their son Ross Kost to have and to hold use and control for and during his natural life only, at his death to his lawful children, the lawful child or children of any deceased lawful child of Ross Kost to have and receive its or their deceased parent's share meaning and intending hereby to Convey to Ross Kost a life estate only the following described real estate, to-wit:" and thereinafter describes the real estate in question. The deed was filed for record on September 18, 1909, in the recorder's office of Fulton County.

Ross Kost took possession of the real estate and occupied it until his death on March 8, 1949. The only lawful children ever born to him were Lether Page, Adah Charleroy, Fern Kost Rhodes, Harry L. Kost, Gladys Wilson, Gilbert Kost, Oscar Durant Kost and a child born in 1899, who died thirteen days after birth. Five of the children, including appellant, Oscar Durant Kost, were born prior to the execution of the deed of John and Catherine Kost. The others were born subsequently thereto. All of the children, except the one who died in infancy, are living and were parties plaintiff to the original complaint for partition.

On December 29, 1936, a trustee in bankruptcy of the estate of Oscar Durant Kost, bankrupt, executed a deed of conveyance of the interest of the bankrupt to Marshall C. Foster, defendant and counterplaintiff, pursuant to an order of the referee in bankruptcy for a private sale of the bankrupt's interest in and to the real estate here sought to be partitioned.

The original complaint alleges that the seven children of Ross Kost listed above are the sole owners in common of the real estate, subject only to easements acquired for railroad purposes and for highway purposes, and to the rights of Gilbert Kost as tenant in possession. It prays that the trustee's deed be declared void and removed as a

cloud on the title, and that the real estate be partitioned according to the respective rights and interests of the parties.

An answer filed by Marshall C. Foster admits the material portion of the complaint but denies that the trustee's deed is void, and denies that the interests of the parties are correctly set forth. He avers that he purchased the interest of Oscar Durant Kost, and further avers that the decree of the District Court of the United States has never been reversed or modified and is not subject to collateral attack. The answer prayed that the complaint be dismissed. In addition Foster filed a counterclaim making all of the plaintiffs counterdefendants and reiterating the material portions of the complaint, but alleging that the counterplaintiff was the owner of the undivided one-seventh interest which Oscar Durant Kost had under the deed of John Kost. The counterclaim prays for partition of the premises and for general relief.

The trial court overruled motions of the plaintiff to dismiss the counterclaim and to strike the answer of the defendant, and thereupon plaintiffs filed a reply to the answer, and an answer to the counterclaim. The issues were tried before the court and a decree was entered for partition on the counterclaim of the counterplaintiff.

The principal question involved is whether or not the interest of Oscar Durant Kost was a vested remainder at the time of the purported sale by the trustee in bankruptcy. It is contended that Oscar Durant Kost had but a contingent remainder in the real estate, and that a contingent remainder does not pass to a trustee in bankruptcy of the remainderman.

We have frequently been called upon to define vested remainders and contingent remainders and to distinguish between them. The chief characteristic which distinguishes a vested from a contingent remainder is the present capacity to take effect in possession should the possession be-

come vacant, with the certainty that the event upon which the vacancy depends will happen sometime, and not upon the certainty that it will happen or the possession becomes vacant during the lifetime of the remainderman. In the case of a vested remainder, there is a person in being ascertained and ready to take, who has a present right of future enjoyment which is not dependent upon any uncertain event or contingency, while in the case of a contingent remainder the right itself is uncertain. The uncertainty which distinguishes a contingent remainder is the uncertainty of the right and not of the actual enjoyment, for in this regard any remainder may be said to be uncertain, as the remainderman may die without heirs before the termination of the particular estate. *Smith* v. *Chester,* 272 Ill. 428, citing 40 Cyc. 1664.

Whether a remainder is vested or contingent depends upon the language employed. If the conditional element is incorporated into the description of or into the gift to the remainderman then the remainder is contingent, but if, after words giving a vested interest, a clause is added making it subject to being divested, the remainder is vested. Thus, on a devise to A for life, the remainder to his children, but if any child dies in the lifetime of A his share to go to those who survive, the share of each child is vested, subject to be divested by its death, but on a devise to A for life, remainder to such of his children as survive him, the remainder is contingent. (Gray's Rule against Perpetuities; *Riddle* v. *Killian,* 366 Ill. 294; *Smith* v. *Chester,* 272 Ill. 428; *Lachenmyer* v. *Gehlbach,* 266 Ill. 11; *Brechbeller* v. *Wilson,* 228 Ill. 502.) When a conveyance of a particular estate is made to support a remainder over, the tenant for the particular estate takes it, and if the remainderman is in being he takes the fee. In such a case the remainder is not contingent as to its becoming a vested remainder, because the title vests in the remainderman on the delivery of the deed. The title thus vested becomes an estate of

inheritance. *Smith* v. *Chester,* 272 Ill. 428; *Smith* v. *West,* 103 Ill. 332.

The language used by the grantors in the instant case is not conditional in nature. At the time of the execution of the deed there were five lawful children of Ross Kost in being, including the appellant, Oscar Durant Kost, and designated as remaindermen and capable of taking immediate possession upon the termination of the life estate. It is true that each of the estates in remainder was subject to being opened up and diminished in quantity by the birth of other children to the respective life tenants. (*Whittaker* v. *Porter,* 321 Ill. 368; *Cheney* v. *Teese,* 108 Ill. 473.) The remainders, while vested in the children already born to the life tenant, are contingent in quantity until the death of the life tenant because of the possibility of the birth of other children, who will have a right to share in the estate. (*Whittaker* v. *Porter,* 321 Ill. 368.) We find no authority for the contention that the rule as to the destruction of contingent remainders should be applied to a case where the estate is vested in quality but contingent in quantity. (*Deem* v. *Miller,* 303 Ill. 240.) The estate in remainder vested in the five lawful children of Ross Kost *in esse* upon the execution and delivery of the deed, and it vested in each of the other lawful children as each of them was born.

The words "at his death," as used in the deed of John and Catherine Kost, are similar in context to the language used in the case of *Dustin* v. *Brown,* 297 Ill. 499, wherein we held that the language "after the death" of the life tenant referred to the time when the estate will vest in possession only, and we said "it has, however, been so many times held in this and other States that the rule may be said to be well established, that the words 'after the death of A,' and similar expressions, are to be construed as meaning at the termination (whenever and in whatever manner that may occur,) of the particular estate of free-

hold and as referring to the time when the estate will vest in possession, only. The remainder thus created 'after the death of A' is held to be a vested remainder unless there be that in the context which clearly takes it out of the rule."

It is urged by the appellant that the gift over to the lawful child or children of any deceased lawful child of Ross Kost indicated an intention of the grantors to create a contingent remainder in the children of Ross Kost; since if the remainders were vested it would descend to the issue of any child who might die during the lifetime of Ross Kost, and, therefore, no substitution would have been necessary. However, when we apply the test set forth by Professor Gray as stated above and approved by this court in *Riddle* v. *Killian,* 366 Ill. 294; *Smith* v. *Chester,* 272 Ill. 428; *Lachenmyer* v. *Gehlbach,* 266 Ill. 11; *Brechbeller* v. *Wilson,* 228 Ill. 502, and in numerous other decisions, we find that the gift over was in the nature of a condition subsequent, and no conditional limitation was incorporated into the description of, or into the gift to, the remaindermen. The remainder is subject to being divested on the contingency of one of the children of Ross Kost dying before the life tenant and leaving lawful children.

Nor can we agree with the argument of counsel for appellant that the words "meaning and intending hereby to convey to Ross Kost a life estate only" expressed an intention on the part of the grantors to create a contingent remainder in the lawful children of Ross Kost, so that he would be precluded from the possibility of inheriting any portion of the fee from any child who might predecease him without issue. Had it been the intention of the grantors to create a contingent remainder, the scriveners could have made the gift to the children of Ross Kost conditional upon their surviving him as stated above. They did not elect to do this, and used instead words which created a vested remainder in the children.

We have carefully studied the cases cited in the briefs of counsel for appellant and considered the arguments in support of their position, but are forced to the conclusion that the language employed in the deed of John and Catherine Kost meets every test for the creation of a vested remainder in the lawful children of Ross Kost. Since the appellant, Oscar Durant Kost, had a vested remainder, a trustee in bankruptcy could properly convey his interest pursuant to an order of the referee in bankruptcy, and the appellee, Foster, acquired an undivided one-seventh interest in the fee of the real estate, subject to the life estate in Ross Kost and subject to the easements hereinbefore set forth.

Appellant contends that, even though we find that the interest of Oscar Durant Kost was a vested remainder, we should reverse the decision of the lower court because of error in awarding partition on the counterclaim. He contends that the defendant in the court below could have made his answer sufficient to protect all of his rights in the suit, and that his use of the counterclaim was an attempt to usurp the functions of the complaint for partition as filed by the plaintiffs. A complaint for partition must set forth the interests of all the parties so far as the same are known. The complaint as filed by the plaintiffs did not set forth the interest of the appellee even in the alternative. It merely sought to set aside his deed as a cloud on the title. As a cotenant to the real estate the appellee is entitled to his affirmative relief where the complaint of the plaintiff did not properly set forth all of his rights and interests in and to the real estate.

We are, therefore, of the opinion that the decree entered in the circuit court of Fulton County for partition on the counterclaim of the appellee should be, and it is, affirmed.

*Decree affirmed.*