Mabel E. Mueller and Vern P. Vandell, Plaintiffs-Appellees, v. Gladys M. Forsyth, Rena Forsyth, and Lenora Cummings, as Administrator of the Estate of Charles P. Riner, Deceased, and Individually, Defendants-Appellants.

Gen. No. 67–37.

Third District.

March 28, 1968.

Welch & Blachinsky, of Kewanee, Reynolds M. Everett, of Galva, and Cline, Williams, Wright, Johnson, Oldfather & Thompson, of Lincoln, Nebraska, for appellants.

Andrews & Andrews, of Kewanee, for appellees.

STOUDER, J.

This is an action commenced in the Circuit Court of Henry County for partition and for construction of a will.

Mina Riner died testate on September 9, 1939, owning an undivided interest in each of three parcels of land in Henry County, Illinois. In her will which was duly admitted to probate, she provided in paragraph 4 for a life estate in all of her real property to her husband, Charles Riner. Paragraph 5 provided, "upon the death of my said husband, Charles P. Riner, or upon my own death, should I survive him, I direct that my lands and real estate be sold within such time after the death of the survivor of us as shall not result in a material sacrifice to my estate, either at public or private sale, and the proceeds of such sale, after deducting therefrom reasonable expenses incident thereto, be divided in the following proportions among the following named persons:

"One-Sixth thereof to my niece, Mabel E. Mueller, and in case of her predecease, then in equal parts to her children.

"One-Sixth thereof to my nephew, Vern P. Vandell, and in case of his predecease, then in equal parts to his children.

"Two-Sixths thereof to my sister, Mary E. Nostrom, and in case of her predecease, then in equal parts to my sister, Julia E. Forsyth, and my niece, Mabel E. Mueller, and my nephew, Vern P. Vandell.

"Two-Sixths thereof to my sister, Julia E. Forsyth, and in case of her predecease, then to her son, Evald M. Forsyth."

Charles Riner, life tenant and husband survived the Testatrix but died December 2, 1962. Mabel Mueller and Vern Vandell, Plaintiffs-Appellees herein, survived both Testatrix and Charles Riner. Mary E. Nostrom predeceased Testatrix, Julia E. Forsyth died intestate on December 30, 1940, leaving no surviving spouse and leaving her son, Evald E. Forsyth as her only heir. Evald died intestate on December 9, 1947, leaving Defendants-Appellants, his widow Gladys M. Forsyth and his daughter, Rena Forsyth Dean, as his only heirs at law.

Plaintiffs-Appellees, Mabel Mueller and Vern Vandell, allege in their complaint for partition, that they are the sole surviving beneficiaries under paragraph 5 of the will and therefore entitled to the interest of the Testatrix and the property sought to be partitioned. Defendants-Appellants, Gladys Forsyth and Rena Forsyth, deny such allegation and by way of answer and counterclaim for partition allege that by virtue of paragraph 5 of the will, Evald Forsyth had an interest in the property on the date of his decease to which interest they succeeded, or, in the alternative that the devise to Evald Forsyth lapsed and descended to heirs of Mina Riner as intestate property, there being no residuary clause in her will.

After a hearing, the trial court found, "It is the opinion of this court that the fifth paragraph of the will in question is ambiguous and therefore the real estate involved would vest at the death of the life tenant, Charles P. Riner.

"It is further the opinion of this court that the actions of the parties hereto were not sufficient to be considered a practical construction of the said will so as to vest said real estate as of the death of the testator." The decree of partition prepared by the Plaintiffs at the direction of the court found ". . . the interest of Julia E. Forsyth and Evald M. Forsyth as beneficiaries under the fifth paragraph of said will lapsed upon their respective deaths, and that Plaintiffs, Mabel E. Mueller and Vern P. Vandell, are entitled in equal shares to all of the proceeds of the sale of the land owned by the said Mina L. Riner at her death, . . ."

Appellants in seeking to reverse the decree of the trial court contend paragraph 5 creates an interest of inheritance in the substitute or alternative beneficiaries Julia Forsyth and Evald Forsyth, to which they succeed as heirs at law.

Appellees, in support of the decree of the trial court, contend paragraph 5 of the will requires the initial beneficiaries i. e., Mary Nostrom and Julia Forsyth, or the alternative beneficiaries i. e., Julia Forsyth or Evald Forsyth, to survive the life tenant. The contingency of survival of the life tenant not having occurred with respect to any such persons the gifts to each of them lapsed. A lapse having occurred, such interest goes to the Appellees as the only other persons specifically named in such paragraph.

█ The cardinal rule of testamentary construction, to which all other rules must yield, is to ascertain the intention of the testator from the will itself, and to give effect to this intention, unless contrary to some established rule of law or public policy. Harris Trust & Savings Bank v. Jackson, 412 Ill 261, 106 NE2d 188.

██ In Gray on perpetuities, the distinction between a vested remainder or a contingent remainder is precisely stated as follows, "Whether a remainder is vested or contingent depends upon the language employed. If the

261

conditional element is incorporated into the description of, or into the gift to, the remainderman, then the remainder is contingent; but if, after words giving a vested interest, a clause is added divesting it, the remainder is vested. Thus on a devise to A. for life, remainder to his children, but if any child dies in the lifetime of A. his share to go to those who survive, the share of each child is vested, subject to be divested by its death. But on a devise to A. for life, remainder to such of his children as survive him the remainder is contingent." Danz v. Danz, 373 Ill 482, 26 NE2d 872, and Baker v. Bates, 76 Ill App2d 30, 221 NE2d 302. Within the meaning of this rule no conditional elements are incorporated into the description of, or gifts to, Julia Forsyth and Mary Nostrom. The gift to such beneficiaries vests, subject to being divested "in case of the predecease" of either. Danz v. Danz, supra. The occurrence of the condition subsequent i. e., the death of the first taker of the remainder, divests the interest of the first taker, and by executory gift vests the interest in the alternative or substitute beneficiaries. Phelps v. Seeley, 3 Ill2d 210, 119 NE2d 923. Such alternative gift would be an interest of inheritance unless some additional condition is imposed. In this connection it is noted that Mary Nostrom died before the Testatrix, and Julia Forsyth after the Testatrix, but such difference does not give rise to any legal distinction since the issue is the same in each instance, namely the effect of the death of the substitute beneficiary before the death of the life tenant. In Baker v. Bates, supra, a gift of the remainder provided for alternative gifts in the event the first taker not be alive at the death of the life tenant. One of such alternatives being that the property would go to the children of the first taker if he left children surviving. The court concluded that an inheritable interest was created in the surviving children of the first taker even though such survivor died prior to the life tenant.

In opposition to this view, Appellees, in relying on Comisky v. Moore, 26 Ill2d 494, 187 NE2d 256, and O'Connell v. Gaffney, 23 Ill2d 611, 179 NE2d 647, argue that because the condition of death or survivorship as related to the first taker of a remainder, means death at any time prior to the termination of the life estate, no interest can vest prior to the death of the life tenant. Although we agree the rule is, unless there are clear provisions to the contrary, the death of the first taker does relate to death at any time prior to the life tenant, this rule means only that the first taker's interest does not become indefeasible because of his survival of the testator. The rule relating to vesting and divesting of determinable interest does not depend upon or contemplate an indefeasible vesting based on survivorship of the testator but gives effect to alternative or substitute provisions. Harris Trust & Savings Bank v. Jackson, 412 Ill 261, 106 NE 2d 188.

This leaves us with the question whether there is any other language in the will from which it can be concluded the alternative beneficiary is required to survive the life tenant. We find nothing in the will requiring such survival. Words such as "upon death" or "after death" in a gift of a remainder refer not to the time when the remainder is to vest in interest, but to the time when it is to fall into possession of the remainderman. Such language is deemed related to the termination of the life estate and not to the character of the interest of the remainderman.

In support of the contention that the gifts to Julia Forsyth and Evald Forsyth lapsed because of failure to survive the life tenant, appellees contend that such result is required by the application of the doctrine of equitable conversion, citing cases such as Joslin v. Ashelford, 29 Ill App2d 202, 172 NE2d 806; In the Matter of Corrington, 124 Ill 363, 16 NE 252; Lash v. Lash, 209 Ill 595, 70 NE 1049; Wattjes v. Faeth, 379 Ill 290,

263

40 NE2d 521 and Darst v. Swearingen, 224 Ill 229, 79 NE 635. While it may be said that such cases support the proposition that a direction and power to sell real estate converts such real estate into personal property such cases do not support a conclusion that there is any difference in the vesting of an interest depending upon whether such interest is in personal property or real estate. Nor do such cases support the proposition that the direction to sell and distribute the proceeds, standing alone, determines the vesting of interest in the persons entitled to receive such proceeds. Where the direction for sale and distribution is accompanied by language describing the recipients with reference to survivorship at the date of distribution, such survivorship is required. In Barnes v. Johnston, 233 Ill 620, 84 NE 610, relied upon by Appellees, the will provided for the sale of both real and personal property and successive distribution to three classes of beneficiaries depending upon the facts existing at the time of distribution. The Court's conclusion in the Barnes case that the substitutionary provisions became effective does not support Appellees' contention in this case that the absence of substitutionary provisions or the absence of conditions relating to the deaths of Julia Forsyth or Evald Forsyth thereby require that they survive the life tenant.

 For the foregoing reasons we believe the substitutionary gifts to Julia Forsyth and Evald Forsyth were gifts of inheritable interest not subject to further limitation and not subject to any requirement of survival of the life tenant. Such interest therefore descended to the heirs at law. Accordingly, we believe the court erred in determining that the appellants were not entitled to the interest vested in Julia Forsyth and Evald Forsyth.

It has also been brought to the court's attention that the decree for partition failed to properly set forth an interest of the parties unrelated to any interest derived

from the estate of Mina Riner and upon remandment such error should be corrected.

For the foregoing reasons the decree of the Circuit Court of Henry County is reversed and remanded with directions to proceed in accord herewith.

Decree reversed and remanded.

ALLOY, P. J. and HOFFMAN, J., concur.