OAK PARK TRUST & SAVINGS BANK, Trustee, Plaintiff-Appellee, *v.* HELEN M. BAUMANN, Indiv. and as Ex'r of the Estate of Richard O. Baumann, Deceased, Defendant-Appellee.—(OAK PARK TRUST & SAVINGS BANK, Ex'r of the Estate of Walter O. Baumann, Deceased, Defendant-Appellant.)

First District (2nd Division)   No. 81—1096

Opinion filed August 3, 1982

Spitzer, Addis, Susman & Roskin, of Chicago (Michael B. Susman, of counsel), for appellant.

Ted J. Kucia, of Hoy, Oddo, Kucia & Groat, of Chicago, for appellee.

JUSTICE PERLIN delivered the opinion of the court:

The Oak Park Trust & Savings Bank, as executor of the estate of Walter O. Baumann, deceased, appeals the trial court's order construing a trust established under the will of Margaret L. Baumann, deceased, the wife of Walter O. Baumann. The bank contends that the

trial court erred in holding that the trust created a life estate *pur autre vie* in favor of the testatrix' son, Richard Baumann, and in holding further that the remainder interest in favor of Richard Baumann vested absolutely upon the death of the testatrix, Margaret L. Baumann. For the reasons which follow, we affirm the orders of the trial court construing the trust and denying the bank's motion for a rehearing.

The pertinent provisions of the testamentary trust created by the will of Margaret L. Baumann are as follows:

"(a) If my husband survives me, the net income from the trust estate shall be paid equally to my husband and my son, and the Trustee shall be empowered to use from time to time such amounts from principal for either my husband and my son as the Trustee shall deem necessary or desirable for their medical care, comfortable maintenance and welfare, taking into consideration such other resources as they respectively possess and which are known to the Trustee.

(b) Upon the death of my husband, or upon my death if he does not survive me, the trust estate, together with all accrued and accumulated income, shall be distributed to my son."

Margaret L. Baumann died on July 9, 1975, survived by her husband, Walter O. Baumann, and her son, Richard Baumann. Richard Baumann died on December 11, 1979, predeceasing his father, and leaving his widow, Helen M. Baumann, as his only heir-at-law and executrix of his estate. Richard Baumann died without issue.

On February 19, 1980, the Oak Park Trust & Savings Bank, as trustee under the last will and testament of Margaret L. Baumann, filed a complaint to construe trust under will naming Helen M. Baumann, individually and as executrix of the estate of Richard Baumann, deceased, and Walter O. Baumann as defendants. On January 9, 1981, the trial court granted Helen M. Baumann's motion for summary judgment. The trial court held that a one-half income interest in the Margaret L. Baumann testamentary trust vested absolutely in Richard Baumann at the time of Margaret Baumann's death, and, upon Richard Baumann's death, such income became a part of his estate. The court also held that the remainder interest in the corpus of the testamentary trust vested absolutely not subject to divestment in Richard Baumann and upon his death in his estate. The court accordingly ordered that the one-half income interest of the trust be paid to the estate of Richard Baumann and that the corpus of the trust be distributed to the estate of Richard Baumann upon the death of Walter O. Baumann. Subsequent to this order, Walter O. Baumann died

and the Oak Park Trust & Savings Bank, as executor of his estate, filed a motion for rehearing which was denied by the court in an order entered April 9, 1981.

## I

Analysis of the parties' contentions must begin with an identification of the interests created by the Margaret L. Baumann testamentary trust.

■ Clause (a) creates a life estate which vested immediately in decedent's son, Richard Baumann, and her husband, Walter O. Baumann, upon the death of Margaret L. Baumann. Each beneficiary was to enjoy equal and concurrent ownership in the income of the trust. (The trustee was also empowered to invade principal to the extent necessary or desirable for the medical care, comfortable maintenance and welfare of the beneficiaries.) Clause (a) does not limit the length of these estates. Clause (b), however, provides that *"Upon the death of my husband,* or upon my death if he does not survive me, the trust estate together with all accrued and accumulated income shall be distributed to my son." By virtue of the emphasized language, Richard Baumann's one-half income interest in the trust would terminate upon the death of Walter O. Baumann. Under common law principles, this is described as a life estate *pur autre vie, i.e.,* a life estate, the term of which is measured by someone else's life. Thus, Richard Baumann held a life estate *pur autre vie* in one-half of the income from the trust. The measuring term for this estate was the life of Walter O. Baumann.

The bank suggests that to construe the trust as creating a life estate *pur autre vie* is gratuitous and contrary to the manifest intent of the deceased, Margaret L. Baumann, "as set forth by the language in her will and testamentary trust *** to provide first for her husband, and then for her son." The bank refers to the second paragraph of testatrix' will wherein she gave her tangible personal property "in equal shares to my husband, Walter O. Baumann *** and my son, Richard M. Baumann ***." The bank also refers to clause (a) of article III wherein Margaret Baumann directed that "the net income from the trust estate shall be paid equally to my husband and my son, ***." Based upon the testatrix' "sequence" of naming her husband first, then her son, the bank argues that Margaret L. Baumann's primary concern was to benefit her spouse, not her son.

■ ■ Contrary to this argument, however, it seems apparent that where both the husband and the son were to share equally in the tangible personal property and in the interest income from the trust,

the testatrix did not, merely by the sequence of the names, indicate an intention to prefer her husband over her son. Nothing in the will or the trust expresses an intent "to provide first and foremost for her husband, and secondarily for her son ***." Construing the income interest created in favor of Richard Baumann as a life estate *pur autre vie* does not contravene the testatrix' manifest intent as reflected in the will and trust.

The bank cites *Schaffenacker v. Beil* (1925), 320 Ill. 31, 150 N.E. 333, for the proposition that no life estate *pur autre vie* was created by the testatrix' will. In *Schaffenacker*, the court stated that"[a]n estate *pur autre vie* is one that is in every instance created by deed or by will, or brought into existence by reason of the provisions of a will or deed or other instrument under consideration." (320 Ill. 31, 41.) In accordance with this, the court held that a widow's renunciation of a life estate did not create by operation of law a life estate *pur autre vie* (using the widow's life as the measuring life) in favor of the contingent remaindermen. *Schaffenacker* is clearly inapplicable. *Central National Bank v. McMunn* (1967), 12 Ohio Misc. 1, 228 N.E.2d 349, is also inapposite because no estate *pur autre vie* was created.

■■ Since the interest created by the trust in favor of Richard Baumann was a life estate *pur autre vie* in one-half of the income, it is unnecessary to discuss the bank's theory of implied cross-remainders. The bank concedes that this theory is inapplicable where an interest has been identified as a life estate *pur autre vie*. Cross-remainders will be implied in a will only where the intention of the testator, as shown by a consideration of all the terms of the will, requires it. (*Hunt v. Mitchell* (1951), 409 Ill. 321, 324, 99 N.E.2d 347.) No such intention appears in the trust established by Margaret L. Baumann's will.

Having identified Richard Baumann's income interest as a life estate *pur autre vie*, it must be determined how that interest was affected by the death of the beneficiary (Richard Baumann) prior to the death of the *cestui que vie* (Walter O. Baumann).

■■ Our supreme court has held that an estate *pur autre vie* is personal property of the life tenant which, if he dies intestate, is to be distributed under the statute providing for the descent of estates, both real and personal. (*Bullard v. Suedmeier* (1920), 291 Ill. 400, 407, 126 N.E. 117.) More generally, in *Glaser v. Chicago Title & Trust Co.* (1946), 393 Ill. 447, 464, 66 N.E.2d 410, the court stated:

> "The rule is that where, by the terms of the will, the income is to be paid to two or more beneficiaries for life *** but there is no provision as to the disposition of the income payable to a

life beneficiary in the event of his death prior to the time fixed for the termination of the trust, the disposition of such income depends upon the intention of the testator, expressed in his will. In such cases there are four possible dispositions which might be made of such share of the income. First, it might be paid to the surviving life beneficiary; second, it might be paid to the estate of the deceased beneficiary; third, it might be paid to the heirs of the testator as property not disposed of by his will; and fourth, it might be accumulated by the trustees, and on the termination of the trust, paid to the persons entitled to the principal of the trust estate at that time."

The testatrix' will did not create a joint gift of life income to her son and husband with right of survivorship. The one-half income interest of Richard Baumann cannot be considered property not disposed of by her will since the will contains no language terminating Richard's interest prior to the death of Walter O. Baumann. Nor does the will authorize the trustee to accumulate income. In the absence of such a direction "it must be disposed of in one of the other ways above mentioned." (393 Ill. 447, 465.) The second alternative suggested in *Glaser*, payment to the estate of the deceased beneficiary, is the appropriate method of disposing of Richard Baumann's income interest. II Scott, The Law of Trusts sec. 143, at 1099 (3d ed. 1967).

In *Hussey v. Hussey* (1948), 323 Mass. 533, 83 N.E.2d 159, the Massachusetts Supreme Judicial Court, after considering a long line of American and English cases, quoted from its earlier decision in *Harrison v. Marden* (1937), 298 Mass. 148, 10 N.E.2d 109:

" '*** the principle has been developed that, where an annuity or payment of income *** is not limited in terms to the life of the beneficiary but is limited to some other lawful period of time, and before the expiration of that period the beneficiary dies, his personal representative is entitled to the income for the remainder of the period." *Hussey v. Hussey* (1948), 323 Mass. 533, 535, 83 N.E.2d 159, 160.

In *White v. Strowbridge* (1930), 133 Or. 638, 291 P. 798, the will provided for an annuity to a granddaughter during the life of the testator's widow. The granddaughter predeceased the widow. The court held "in conformity to what we believe to be the universal holding of the courts that the annuity to the granddaughter did not terminate upon her death but passed to her personal representatives." 133 Or. 638, 642, 291 P. 798, 799.

We conclude that Richard Baumann's estate was entitled to the one-half income interest in the trust until the death of Walter O.

Baumann.

## II

■ The second issue is whether Richard Baumann's interest in the corpus of the trust was vested at the death of Margaret Baumann, the testatrix, or was contingent upon his surviving Walter O. Baumann. The mere fact that possession was deferred until after the death of Walter Baumann does not make Richard's interest contingent. Deferral of possession is characteristic of all remainders.

■ A remainder is contingent if the remainderman's identity cannot be definitely ascertained or if the remainder is conditioned on the happening of an event not certain to happen. In the case of a vested remainder, there is a person in being ascertained and ready to take who has a present right of future enjoyment which is not dependent upon any uncertain event or contingency, while in the case of a contingent remainder the right of future enjoyment itself is uncertain. *Kost v. Foster* (1950), 406 Ill. 565, 568-69, 94 N.E.2d 302.

■ Here, the language in the will clearly identified the remainderman. The phrase "my son" in clause (b) refers to Richard Baumann. Moreover, the language does not expressly postpone or condition vesting on the happening of an uncertain event. The phrase "upon the death of my husband" does not require, as a condition to vesting, the survival of Richard Baumann beyond the termination of the life estate. Our courts have repeatedly held that the phrase "upon death" does not imply the creation of a conditional interest. Such language merely postpones the enjoyment of an interest which vests immediately. (*Dyslin v. Wolf* (1950), 407 Ill. 532, 541-42, 96 N.E.2d 485; *Crowley v. Engelke* (1946), 394 Ill. 264, 271-72, 68 N.E.2d 241; *Whittaker v. Porter* (1926), 321 Ill. 368, 151 N.E. 905; *Mueller v. Forsyth* (1968), 94 Ill. App. 2d 258, 263, 235 N.E.2d 645.) This interpretation is in keeping with the law's preference for "vesting of estates at the earliest possible moment." *St. Louis Union Trust Co. v. Hearne* (1969), 111 Ill. App. 2d 411, 418, 250 N.E.2d 674.

There is no clear intention expressed in Margaret L. Baumann's will to postpone vesting of the remainder interest. Only the possessory enjoyment was deferred until Walter O. Baumann's death. This serves to distinguish several of the authorities on which the bank relies. Other authorities cited by the bank are distinguishable because they involved language indicating an express condition of survivorship.

■■ ■ Based on the foregoing, we find that the remainder interest Margaret L. Baumann created in her testamentary trust for

Richard Baumann vested absolutely in Richard at Margaret's death. Richard was therefore entitled to the interest at that time, with only the possession being deferred. Accordingly, his death before Walter O. Baumann's death did not divest him of his interest. The remainder passed, as the trial court ordered, to Richard Baumann's estate.

For the reasons herein stated, the orders of the circuit court of Cook County are affirmed.

Affirmed.

DOWNING and HARTMAN, JJ., concur.